### E. P. ERHART v. T. C. BASS ET AL.

(Case No. 894.)

1. TRESPASS TO TRY TITLE — ADMINISTRATOR'S SALE.— The transcript in probate proceedings in a county court showed: 1. A valid administration. 2. An order to sell land at public or private sale. 3. A return of sale, which did not disclose whether the sale was a public or a private one, and an order which amounted to a confirmation of the sale. Evidence in connection therewith established the payment of the purchase money and that no deed was made. *Held* —

    1. The facts were sufficient to enable the purchaser to maintain trespass to try title.

    2. The title *prima facie* vested in the purchaser.

2. FACT CASES — CONFIRMATION OF SALE.— See statement of case for order of probate court, held to be virtually a confirmation of an administrator's sale.

3. QUERY — FRAUD.—Whether, in such a case, it would be sufficient to defeat the title claimed by the purchaser, to show that the sale was really made privately, and that the order of confirmation was made with knowledge of that fact, *quære?*

    VOL. LIV — 7

APPEAL from Grayson. Tried below before the Hon. M. Lindsay.

Suit by E. P. Erhart, appellant, in trespass to try title. The plaintiff claimed the land under a sale made by the administrator of the estate of Nicholas Boyles, deceased.

The petition of the administrator was for an order to sell at private sale. The order was granted to sell at private or public sale. The report of sale was silent as to whether it was made privately or publicly. The court simply approved the account of the administrator, in the following order, viz.:

"Now comes J. B. Erhart, administrator of Nicholas Boyles, deceased, by H. H. Gaines, his attorney, and presents his account of sales of the property belonging to the estate of deceased, authenticated in accordance with law, and asks the court to approve of said sale; also prays for a final settlement of said estate, and that he be discharged from any further duties or liabilities as administrator of said estate. The court having examined said account presented by the said J. B. Erhart, administrator as aforesaid, and find it regular and authenticated in accordance with law, approved the same," etc., proceeding to make order disposing of the assets on hand, including money realized from the sale.

*J. Gunter*, for appellant.

*Throckmorton & Brown*, for appellee.

GOULD, ASSOCIATE JUSTICE.— In our opinion, the transcript of the probate proceedings of the county court of Wise county showed a valid administration on the estate of Boyles, an order of sale of the land in controversy under which there might have been a valid public sale; a return of sale, from which it does not appear, nor was it made to appear by evidence, that the sale was otherwise than at public outcry, as prescribed by law, and an order

which amounted to a confirmation of that sale. The evidence further shows that the purchase money was paid, and though the purchasers secured no deed from the administrator, those proceedings *prima facie* vested in them the title of the estate sufficiently to support an action of trespass to try title against a trespasser. Rock v. Heald, 27 Tex., 524; Brown v. Christie, id., 73; Flanagan v. Pierce, id., 79.

Whether it would be sufficient to defeat that and establish the nullity of the sale, notwithstanding the order of confirmation, to show that it was made privately and that the order of confirmation was made with knowledge of that fact, is a question of importance and difficulty which has not been sufficiently discussed to make it incumbent on the court to decide it, although it may possibly prove to be the question on which the case will ultimately turn. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 14, 1880.]