JACK WHITAKER ET AL. v. MARY L. THAYER ET AL.

Decided March 22, 1905.

**1.—Limitations—Adverse Possession.**

Since possession adverse to the true owner will sustain title by limitation, it was error, in a case where defendant asserted title by virtue of ten years' possession and the evidence did not show any other claim or title in any other person, for the court to instruct that defendant's possession must have been adverse to all others, such charge being misleading and too onerous.

**2.—Same—Squatter—Public Domain.**

The possession of titled land under the belief that it is vacant public domain and with no intention shown of acquiring title from the State, is that of a mere squatter, not adverse in character, and will not give title by limitation.

**3.—Same—Declarations of Party in Possession.**

A statement by one in possession of land that he intended to purchase it from the owner is fatal to a claim of adverse possession if it was made during the limitation period, but if made after such period it is merely evidence tending to show that the possession was not adverse.

**4.—Same—Charge—Request Necessary.**

Where the evidence was conflicting as to the time when the statement was made, a failure of the charge to explain its effect if made after the limitation period was not reversible error in the absence of a request for a charge on that theory.

**5.—Administrator's Sale of Land—Deed.**

Where the order approving a sale of land by an administrator showed that the purchase money had been received by him, the sale was effective without any deed, and it was immaterial that the deed was executed before the order of approval.

**6.—Same—Estoppel Against Heirs.**

Where an administrator's application for an order to sell the property of the estate for the purpose of division recited under oath that it was made at the request of the heirs, and the court thereupon granted the order, the title of the heirs passed to the purchaser by estoppel, and a stranger to the proceedings could not impeach the sale, especially after a long lapse of time, as where the sale was made in 1845.

**7.—Lost Deed—Circumstantial Evidence.**

Where a deed dated in 1845 was lost and the grantor and grantee and the notary taking the acknowledgment were all dead, and the record of the deed could not be used because of a defect in the acknowledgment, proof that it was recorded in the handwriting of the grantor, who was then deputy clerk, was cogent circumstantial evidence that he made the deed.

**8.—Same—Expert Evidence—Handwriting.**

If a genuine signature or handwriting of the deceased grantor is established any witness who properly qualifies as an expert or shows himself acquainted with the grantor's handwriting may testify as to whether or not the deed as entered in the record was in the same handwriting.

*Fisher, Sears & Sherwood,* for appellants.—1. The witness' opinion that a writing was in the general handwriting of a party is not sufficient to establish the writing so that it can be used as a standard of comparison with another writing. His opinion, de-

rived from general knowledge of the handwriting of the party, is not sufficient to establish it. Eborn v. Zimpleman, 47 Texas, 518; Jester v. Steiver, 86 Texas, 420; Sartor v. Bolinger, 59 Texas, 416; Smyth v. Coswell, 67 Texas, 573; Hanley v. Gandy, 28 Texas, 213; Mattock v. Glover, 63 Texas, 236.

2. If the possession of the defendants was adverse to the true owners, that was sufficient. It was not necessary that the possession should have been adverse "to the claim of all others," and the court erred in so charging. Price v. Eardley, 77 S. W. Rep., 417; Portis v. Hill, 14 Texas, 70; Converse v. Ringer, 24 S. W. Rep., 707, and cases there cited.

*Baker, Botts, Parker & Garwood* and *Hamblen, Scott & Hamblen,* for appellees.—1. It is immaterial that the deed of the administrator was made before the confirmation of the sale; when the sale was confirmed it related back to the day of sale. Edwards v. Gill, 5 Texas Civ. App., 203; El Paso v. National Bank, 96 Texas, 497.

2. As the probate proceedings in the Hosley estate, leading up to and including the sale of said land, were had at the request of the heirs of Mosley, they are thereby bound and estopped from denying the validity of said proceedings and sale, and the appellees, who are but trespassers, will not be heard to question the same. Ryan v. Maxey, 43 Texas, 195; Grande v. Chaves, 15 Texas, 551; Stafford v. Harris, 82 Texas, 185; Rutherford v. Stamper, 60 Texas, 450.

3. It was admissible and proper to read from the original record book of deeds the instrument there recorded as a circumstance tending to prove the execution of the lost deed. Crain v. Huntington, 81 Texas, 615; Baylor v. Tillebach, 20 Texas Civ. App., 493; McCarty v. Johnson, 20 Texas Civ. App., 189.

4. The court did not err in permitting E. F. Dupree, the clerk of the County Court, to testify as to the handwriting of J. A. Southmayd, as he had shown his familiarity with what was well recognized as the handwriting of said Southmayd as deputy county clerk. Pope v. Anthony, 68 S. W. Rep., 525; Stone v. Moore, 48 S. W. Rep., 1099, and cases cited; 1 Wharton's Evidence, 704; 15 Am. & Eng. Ency. of Law (2d ed.), p. 258.

5. The charge was not erroneous, as complained of, and in order to acquire title by limitation it is necessary that the party should hold the same adversely to all parties not in privity with his claim. Schleicher v. Gatlin, 85 Texas, 270; Moon v. Cain, 77 Texas, 316; Land Company v. Rogers, 11 Texas Civ. App., 184; Flewellen v. Randall, 74 S. W. Rep., 49.

JAMES, CHIEF JUSTICE.—The action was by appellees in trespass to try title, claiming title to six hundred and forty acres patented to P. P. Hosley, assignee of Moses Merritt. Appellants, Jack Whitaker and wife, and Ed Clark and wife claimed separate parcels of the tract, the former a certain one hundred and twenty-nine and nine-tenths acres, the latter a certain one hundred and forty-one and two-tenths acres. They plead not guilty and limitations of ten years. Judgment was rendered against them, and they have appealed.

We shall consider first the assignments relating to charges on limitations. The twelfth assignment complains of the charge on limitations which used the words "commenced and continued under a claim of right inconsistent with and hostile to the claim of all others, and especially the plaintiffs herein." This is complained of because, if defendants' possession was adverse to the true owners, that was sufficient. It was not necessary that it should have been shown to be adverse to all others, and the court erred in so charging, and the charge imposed upon defendants a greater burden than is required by law. The theory of injury to defendants by this expression in the charge would be that it was calculated to cause the jury to think that it was not enough for the possession to be adverse to plaintiffs, and, if they so found, it still was necessary, under this charge, for them to find that it was adverse to all other persons as well.

The jury having found that plaintiffs had the title, there was no one else that had, or appeared to have, any interest or claim to the land. A charge, though theoretically correct, may be misleading and erroneous in the particular case. There was no occasion whatever in this case of referring to "all others," as defendants' title by limitation would be complete if it was good against plaintiffs. In order to sustain the charge, we would have to hold that the jury could not have been misled by it for the reason that there was no evidence of any claim or title in any other person than plaintiffs. The difficulty with this is, that the very fact that the court submitted to the jury the question, not only whether or not defendants had held adversely to plaintiffs, but also the question whether or not they had held adversely to all others, thus submitting a matter not in the case, and not necessary to be considered in order to entitle defendants to the land; its natural effect was to lead the jury to suppose that, in the opinion of the court, there was testimony to consider in the subject. (Railway v. Platzer, 73 Texas, 124.) The jury might have considered that defendant had held adversely to plaintiffs and still have rendered this verdict. The submission was not a fair one to defendants on the case as made, and, as the assignment charges, was too onerous on them. (Mather v. Walsh, 17 S. W. Rep., 757.) In Ivey v. Williams (78 Texas, 688), there was this charge: "To entitle plaintiff to recover she must show a valid, good title, superior to all others, not only against defendants, but against all other parties." The Supreme Court held that, though correct in the abstract, the instruction was misleading, because there was no evidence tending to show that anyone else had title except the plaintiffs and defendants. The assignment should be sustained.

While on the subject of limitations, we shall dispose of other charges that are complained of by assignments numbers 13 and 14: "But if you believe from the evidence that the said defendants, or either of them, within the ten years' period above defined, were in possession of said land, believing the same to be vacant land belonging to the State, or if either of the said defendants, within the ten years' period above referred to, were occupying said land described in their respective answers, with the view of holding the same until they could ascertain the real owner, and purchase the same from the owner, or if the de-

fendants, or either of them, respectively, as above set forth, claimed they were holding it with the view of purchasing said land from the owner, when such owner should be ascertained, then, as to such defendants, no limitation accrued after said date, and your verdict should be against them on the question of limitation."

"If either of said defendants, within the ten years' period above referred to, were occupying said land described in their respective answers, with the view of holding the same until they could ascertain the real owner and purchase the same from the owner, or if the defendants, or either of them, within the ten years' period applying to them, respectively, as above set forth, claimed they were holding it with the view of purchasing said land from the owner when such owner should be ascertained, then as to such defendants no limitation accrued after said date, and your verdict should be against them on the question of limitation."

It was shown that defendants Clark and wife stated that, when they first moved on the tract, they did so believing that the survey was vacant land belonging to the State. This statement was made in their ex parte deposition taken in this proceeding. There was also proof of statements of Clark made in 1889, and of Whitaker in 1902, to the effect that they made no claim to the land and wanted to buy it. All this testimony was contradicted by the defendants. Now, with reference to the first of the above charges, it is contended that there was no evidence that Whitaker ever occupied the land believing it to be vacant land belonging to the State. This is true, but this did not render the charge erroneous, because it in terms limited the effect of the charge to such of the defendants as had made such statement.

Clark and wife are the ones to whom the statement is attributed, and appellants, in this connection, say that, if Clark had adverse possession for ten years against the owner, the fact that he may at some time believed the land belonged to the State would not prevent limitation running in his favor, and the court should not have charged that, after the date of his belief that the land belonged to the State, no limitation accrued. The evidence, if accepted by the jury, was that Clark went upon the land believing that it was vacant land belonging to the State, and that there was no owner to it. There was nothing to show that they went there with any intention to acquire the land from the State. This would not constitute adverse possession, as that term is defined in our statutes, which is "an actual and visible appropriation of the land commenced and continued *under a claim* inconsistent with and hostile to the claim of another." If they were in possession, believing the title of the land to be in this condition, and without specific intention to acquire it from the State, and believing it to be without an owner, as they necessarily must, if they believed it State land, they were nothing more than squatters, and, while such condition prevailed, they were there without any claim. Defendants, however, may have entered upon said land with that belief, still they might thereafter have assumed such intention or relation to the land that would have made their possession adverse in the sense of the statute from such time.

As to the second of said charges, the point of objection is that the

mere fact that defendants in possession may have stated or claimed to witnesses that they were holding with a view of purchasing from the owner would not, of itself, stop limitations, if they were, in fact, holding adversely. We think that such an acknowledgment, if found to have been made during the period upon which the defendants' claim depended, would of itself be fatal to the plea. Such acknowledgment would characterize the possession then going on as in subordination to the real title. (Wood on Limitations, pp. 690-692; Mhoon v. Cain, 77 Texas, 317.)

Another proposition is that if, when such an admission or statement was made, the limitation title of defendants had been completed, it did not have the effect of destroying the title thus completed. The rule in such case is that the statement is only evidence tending to show that the possession was not adverse. (Bracken v. Jones, 63 Texas, 184; Cuellar v. De Witt, 5 Texas Civ. App., 569.)

The charge, however, was not erroneous, as there was evidence which authorized a finding that the ten years' period was such that the statements were made during such period. There was testimony also which would have admitted of finding that they were made afterwards, but, if defendants wanted the law applicable to this theory explained to the jury, they should have requested it.

We have investigated the other assignments of error, and find them not well taken. The first, second and third insist that the conveyance from P. De Cordova, administrator of the estate of Proctor P. Hosley, to John Allen Southmayd, dated September 1, 1845, sold the certificate, and not the land (the land having at the time having been located and patented), and the sale was void for that reason. We do not agree with this. The proceedings had in the Probate Court concerning this sale and conveyance indicate that the property intended to be, and which was, sold, was land, and upon the face of these proceedings the courts can not declare otherwise.

It is also contended that said deed was dated and acknowledged September 1, 1845, the report of sale was made September 2, 1845, and approved September 12, 1845, and, as it was made before the day of sale, and before the sale was approved, it should not have been admitted in evidence. The approval of the sale contains evidence that the purchase money derived from the sale had been received by the administrator. Under these circumstances the sale was effective without any deed. (Erhart v. Bass, 54 Texas, 97.)

The application for the order of sale was: "The petition of the subscriber respectfully asks for an order of sale of the effects of the estate of Proctor P. Hosley, so that a division of the estate may be made and the affairs of the administration closed." In this regard the claim is that the proceeding was void, because the Probate Court had no authority to order a sale of land for such purpose. The order of sale, among other things, recited: "That the administrator had filed a petition praying for leave to sell the estate, real, personal and mixed, and under oath stating *that the said application was made by request of the heirs,* and upon the said showing it is ordered," etc. It seems to us that if, as it appears, the heirs so requested and procured the sale to be made for that purpose, their title passed to the purchaser by

estoppel, and a stranger to the proceeding, particularly at this late date, can not impeach it. (Delk v. Puncheard, 64 Texas, 364.)

The property sold was sufficiently identified by the proceedings as the property in question.

The purchaser at the administrator's sale was J. A. Southmayd. Plaintiffs' title depended on a conveyance from Southmayd to Jacob De Cordova. The original of such deed was not forthcoming. It had been agreed that either party might read from a certain abstract any instrument therein contained with the same effect as if same was a duly certified copy, and proper notice given, and copies duly filed, and the loss of the original proven, all other objections were reserved. Plaintiff offered in evidence, from said abstract, a deed from John A. Southmayd to Jacob De Cordova, conveying the land, dated and acknowledged September 15, 1845, the death of the notary taking the acknowledgment thereto, also the death of Southmayd and De Cordova. The testimony was objected to because the instrument was not properly acknowledged for record, which was the fact.

The questions affecting this matter may not arise again in precisely the same form they do in this record. We think it sufficient to say that if the instrument, as it appears on the deed records, was entered there in the handwriting of Southmayd himself, he being deputy clerk, it would be cogent circumstantial evidence that he made such a deed.

We think, also, that an incumbent of that office for the last twenty years, as Mr. Dupree was shown to have been, and with the experience he relates having had with Southmayd's work in the office, was competent to give testimony as to his handwriting. (Pope v. Anthony, 68 S. W. Rep., 525; Stone v. Moore, 48 S. W. Rep., 1099.) If any genuine signature or handwriting of Southmayd be established, any witness who properly qualifies as an expert in handwriting may testify as to whether or not the deed, as entered in the record, was in the same handwriting. (Pope v. Anthony, supra.)

The judgment will be reversed and the cause remanded in favor of Clark and wife and Whitaker and wife, in reference only to the particular parcels of the section as described and claimed in their answers. In all other respects the judgment of the District Court is not disturbed.

*Reversed and remanded.*