**BEAL et al. v. EARHART. (No. 2100.)*** 

(Court of Civil Appeals of Texas. Amarillo.
March 21, 1923. Rehearing Denied
April 11, 1923.)

**1. Boundaries** &#9758;48(6)—**Acquiescence in disputed boundary fact to be considered but not conclusive, in absence of estoppel.**

Though evidence does not show the location of a disputed boundary line by agreement, acquiescence by the parties in location of the line as established by a survey would be a fact, to be considered in determining its true location, though, in absence of estoppel, such acquiescence would not be conclusive.

**2. Boundaries** &#9758;8—**That lines were not on true meridian held not to show incorrect theory therein.**

In a boundary dispute, the fact that survey lines were not run on a true meridian did not necessarily show that they were not run on the correct theory.

**3. Boundaries** &#9758;37(3)—**Evidence held to warrant court in finding that surveyed line was true line between lands of parties.**

In the absence of request for submission of any issue, evidence *held* to warrant the court

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 16, 1923.

in finding that a line surveyed prior to defendant's acquiring his property was the true boundary line between plaintiffs' and defendant's land.

**4. Boundaries ⬤⟿35(4)—Evidence held admissible to show acquiescence and recognition of a location of a boundary line between two sections.**

Evidence that plaintiff, the owner of a section of land, had a recorded survey made thereof, the south line of which was south of a fence built to inclose the same; that defendant, the owner of the adjoining section to the south before buying the section south of plaintiff's participated in a recorded survey based on plaintiff's prior survey; that thereafter, in a conversation with reference to the corners, he told plaintiff that he (plaintiff) had land in his pasture, to which plaintiff replied that he had a good fence there and to let it stand until he got ready to move it; and that he (defendant) seemed glad to do it, and later took part in laying out a road west of their sections in which the corners of the first survey were recognized as controlling—was admissible to show defendant's acquiescence and recognition of the location of the line.

**5. Appeal and error ⬤⟿1068(3)—Trial ⬤⟿237(6)—Charge that burden was on defendant to establish facts in support of plea limitations to "satisfaction" of jury erroneous, but not reversible error when, according to jury's finding, question was settled against him.**

A charge that burden is on defendant to establish facts necessary to support their plea of limitations to the "satisfaction" of the jury is erroneous, but judgment for plaintiff will not be reversed, where defendant's recognition of plaintiff's right to land as found by the jury prevented the statute from running so that the question was settled against him.

**6. Adverse possession ⬤⟿60(3)—Recognition of another's right prevents statute from running.**

Recognition of another's right to land by one in possession prevents the statute of limitations from running until a subsequent assumption of hostility in possession.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Trespass to try title by E. P. Earhart against H. D. Beal and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Wilson & Douglas, of Lubbock, for appellants.

R. A. Sowder, of Lubbock, for appellee.

BOYCE, J. This suit was brought by E. P. Earhart against H. D. Beal and others, in trespass to try title to a strip of land said to contain about 19 acres, and alleged to be a part of survey No. 32, block D, L. & S. V. Railway Company. The defendant pleaded not guilty and the 3, 5, and 10 years' statutes of limitation. By a supplemental petition, plaintiff pleaded the establishment of a line between plaintiff's and defendant's land by acquiescence and agreement, and that limitations were not available because defendants had within the period recognized plaintiff's right to the land in controversy.

Plaintiff owned section 32, block D, which is joined on the south by section 33, owned by the defendants. In the year 1902 plaintiff (being at that time the owner of section 32) and numerous other land owners, signed an agreement for the survey of their respective lines by the county surveyor, and some other surveyor, to be employed by them, agreeing to abide by the lines as located by such survey. This survey was made and iron pipes put in for corners of section 32. The field notes of the surveys were, in accordance with the agreement, officially signed by the county surveyor and recorded in the surveyor's office. This survey was known as the Smyth survey. Darius Varcoe, who at that time owned section 33, was not a party to this agreement; neither was defendant Beal, who owned other adjoining lands. In May, 1903, Beal and some others employed the county surveyor, Holt, to make a survey, "based on the Smyth survey." On this survey, known as the Holt-Smyth survey, the surveyors put in corners for a great many sections of land; one section, adjoining section 33 on the west, and others in that vicinity, were at the time owned by Beal. The field notes of this survey were also recorded in the surveyor's records of the county. Beal purchased section 33, in October, 1903. Earhart had, prior to the Smyth survey, built fences to inclose section 32. The south line of the fence was 142 feet north of the southeast corner of the section as located by Smyth and 172 feet north at the southwest corner.

Plaintiff testified that, after the Smyth survey, he and defendant Beal had a conversation in reference to the corners; that Beal "told me I had land in his pasture; my reply was that I had a good fence in there; to let it stand until I got ready to move it, and he seemed glad to do it." This conversation was denied by Beal, but the jury decided the conflict in plaintiff's favor. Some time later Beal took part in the laying out of a public road along the west sides of these sections in which the Smyth corners were recognized as controlling the lines of the survey. The only evidence which has any tendency to show that the Smyth location of the lines is not correct is in the fact that his lines were not run on true meridian, and there is some testimony to show that, if run on true meridian, the south line of section 32 would be between Earhart's fence and the Smyth line.

Two issues were submitted to the jury: (1) "Did defendant, Beal, about the year 1903, tell plaintiff Earhart that the plaintiff had some land in his pasture?" (2) That of ten years' limitations. These issues were answered in the plaintiff's fav-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or and judgment rendered for that part of the section as located by the Smyth survey lying south of the Earhart fence.

[1-3] The evidence does not, we think, show a location of the line between sections 32 and 33 by the agreement. But acquiescence by Beal and Earhart, in the location of the lines as established by the Smyth survey, would be a fact to be considered by the court or jury in determining the true location of the line between sections 32 and 33. Bohny v. Petty, 81 Tex. 524, 17 S. W. 82; Schunior v. Russell, 83 Tex. 83, 18 S. W. 489 (last paragraph of opinion); Buie v. Miller (Tex. Civ. App.) 216 S. W. 633, and authorities there cited. In the absence of estoppel, such acquiescence was not conclusive, but the evidence does not show that the Smyth survey, which furnished the basis of the acquiescence, did not correctly locate the line. The fact that the Smyth lines were not run on a true meridian does not necessarily show that they were not run on the correct theory. Brooks v. Slaughter (Tex. Civ. App.) 218 S. W. 635 (4). The court, in the absence of request for submission of any issue, was warranted in finding that the Smyth line was the true boundary line between plaintiff's and defendant's land, and there was no error in refusing defendant's request for a peremptory instruction.

[4] Evidence as to the Smyth survey, the Holt-Smyth survey and the location of the road, in connection with the conversation between plaintiff and defendant, testified to by the defendant, were all admissible for the purpose of showing acquiescence and recognition by the defendant Beal of the location of the boundary line between sections 32 and 33 as determined by the Smyth survey. There was, therefore, no error in the admission of this testimony, and the refusal of defendant's charges 2 and 3, with reference thereto.

[5, 6] The charge that the burden was on the defendant to establish the facts necessary to support their plea of limitations, to the "satisfaction" of the jury, was erroneous. P. J. Willis & Bro. v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842; Grigg v. Jones (Tex. Civ. App.) 26 S. W. 885. However, we do not think the error requires a reversal of the case. Defendants' recognition in 1903 of plaintiff's right to this land as found by the jury, would prevent the statute of limitations from running until a subsequent assumption of hostility in possession, which, according to the evidence, did not occur until in the year 1912. The suit was filed in 1920, so that this finding, in connection with the other evidence, virtually settles the question of limitations against the defendant.

Affirmed.

KLETT, J., not sitting.