## HOUSTON OIL CO. OF TEXAS v. PULLEN et al.   (No. 505–4099.)

(Commission of Appeals of Texas, Section B. May 20, 1925.)

**1. Adverse possession ⬅60(3)—Letter, held acknowledgment of title stopping adverse possession.**

Letter from one in possession of land, stating desire for definite understanding with recipient about "land I have been cultivating of yours," asking whether another might look at land and see what it was worth, and stating that "in the meantime I shall pay rent for this year," *held* not mere attempt to buy peace, but recognition or acknowledgment of recipient's title, stopping adverse possession, though writer had different intent.

**2. Adverse possession ⬅60(3)—Ways by which possessor may recognize title of another stated.**

One in possession of land may recognize another's title by agreement to hold under latter, taking of or offer to take lease, offer to buy involving admission of title, promise to pay rent, admission that he claims no title, admission of title in another, and in various other ways.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Trespass to try title by the Houston Oil Company of Texas against Thomas J. Pullen and others. Judgment for defendants affirmed by Court of Civil Appeals (256 S. W. 321), and plaintiff brings error. Reversed and rendered.

H. O. Head, of Sherman, and Kennerly, Williams, Lee & Hill, W. H. Blades, and P. O. Settle, all of Houston, for plaintiff in error.

C. M. Hightower and Vinson, Elkins, Wood & Pollard, all of Houston, and Jas. E. Hill, of Livingston, for defendants in error.

POWELL, P. J. Plaintiff in error instituted this suit in trespass to try title to 1,280 acres of land out of the Aranjo survey in Polk and Tyler counties, Tex. Defendants in error disclaimed as to all of the survey except 60 acres thereof located in Polk county. As to this 60-acre tract, they plead the 3, 5 and 10 years' statutes of limitation.

The only issue submitted to the jury involved the 10-year statute. Defendants in error did not except to the charge of the court. Plaintiff in error excepted on the ground that no issue of this kind was raised by the evidence. It was conceded by all that the record title was in plaintiff in error.

Upon the verdict of the jury, the defendants in error were awarded the 60 acres of land. This judgment was affirmed by the Court of Civil Appeals. See 256 S. W. 321.

The trial court and Court of Civil Appeals agreed that the 10-year period, if ever present, was between July 1, 1889, and February 18, 1901. If any limitation title was acquired, it was by virtue of the possession of R. V. Martin, through whom defendants in error claim.

As stated by the Court of Civil Appeals, about 8½ years after the claim of Martin might have been held to be adverse to that of Kirby, the former wrote the latter as follows:

"Chester, Texas, Dec. 23, 1898.

"J. H. Kirby, Houston: Will you be in Woodville at the next term of the D. C. court? I would be glad to see you, and try to come to some definite understanding about the land I have been cultivating of yours. If you will not be at Woodville, are you willing for W. H. Whitehead to look at the land and say what it is worth with or without the timber? In the meantime I shall pay rent for this year. Hoping to hear from you at once, I am,

"Yours, respectfully,     R. V. Martin."

The proof showed that this letter referred to the 60-acre tract now in question.

Martin continued to write Kirby trying to buy this land. Finally, on February 18, 1901, he executed an acknowledgment of tenancy to Kirby covering the entire 1,280 acres of land. It seems that no sale was made to Martin, because no agreement could be made with reference to the timber on the 60 acres.

[1] It is the contention of plaintiff in error that the Martin letter heretofore quoted, as a matter of law, stopped the adverse possession of Martin. The Court of Civil Appeals acknowledges as correct the following language of our Supreme Court:

"A single lisp of acknowledgment by the defendant that he claims no title, fastens a character upon his possession which makes it unavailable for ages." Warren v. Frederichs, 83 Tex. 384, 18 S. W. 750.

But the Court of Civil Appeals says further that the Martin letter aforesaid "does not carry within its four corners its own construction." Therefore that court holds that it was proper to go beyond the letter, and take testimony as to what Martin intended, and what he was claiming as to the land referred to in his letter. We differ with the Court of Civil Appeals in its construction of this letter. We think the letter, within itself, is a clear and unmistakable recognition and acknowledgment of Kirby's title. From reading this letter, we do not believe Mr. Kirby could have ever thought for one moment that Martin was making any claim to the land. That being true, he had a right to rely on the letter. He could not know what was in Martin's mind except by what he wrote. A man will not be permitted to write one thing, and have a contradictory view in mind, and in that way deceive the

real owner of the land into losing it by limitation.

[2]. There are various ways by which the title of another may be recognized. For instance, as stated by counsel in the application for writ of error:

"(1) By agreement to hold under another. Burrell v. Adams, 104 Tex. 183, 135 S. W. 1156; Weisman v. Thomson (Tex. Civ. App.) 78 S. W. 728. (2) By the taking or offering to take a lease. Gillean v. Frost, 25 Tex. Civ. App. 371, 61 S. W. 345. (3) By an offer to buy when it involves an admission of title. Mhoon v. Cain, 77 Tex. 317, 14 S. W. 24; Texas & N. O. R. Co. v. Speights, 94 Tex. 350, 60 S. W. 659; Schleicher v. Gatlin, 85 Tex. 270, 20 S. W. 121; Chapman v. Dickerson (Tex. Civ. App.) 223 S. W. 318. (4) By a promise to pay rent for the use of the land. Gordon v. Gordon (Tex. Civ. App.) 224 S. W. 716. (5) By an admission that he claims no title. Warren v. Frederichs, 83 Tex. 384, 18 S. W. 750; McDonald v. McCrabb, 47 Tex. Civ. App. 259, 105 S. W. 238. (6) By an admission of title in another. Texas West. R. Co. v. Wilson, 83 Tex. 157, 18 S. W. 325; Beal v. Earhart (Tex. Civ. App.) 249 S. W. 1093; Thompson v. Richardson (Tex. Com. App.) 221 S. W. 952; Satterwhite v. Rosser, 61 Tex. 166; Whitaker v. Thayer, 38 Tex. Civ. App. 537, 86 S. W. 364; Gillean v. Frost, 25 Tex. Civ. App. 371, 61 S. W. 347; Texas & N. O. R. Co. v. Speights, 94 Tex. 350, 60 S. W. 659; Mass v. Bromberg, 28 Tex. Civ. App. 145, 66 S. W. 468. (7) And in various other ways. Corpus Juris, vol. 2, p. 103, par. 142; Collins v. Megason (Tex. Civ. App.) 228 S. W. 585."

Either the admission of title, the offer to buy coupled with such admission, or the promise to pay rent during the 10-year period, stops the running of limitation. In this letter, we have present all of these alternatives. Martin refers to the land as "yours" (Kirby's); he offers to buy it with or without the timber; he promises to pay rent while so cultivating it. We fail to see how any question can arise as to the effect of such a letter, or how he could have made it stronger in favor of Kirby's title.

The principal contention of counsel for defendants in error is that Martin was merely trying "to buy his peace." The letter does not bear out that contention. If Martin had said, directly or indirectly, expressly or impliedly, that he was claiming the land himself, and wanted to purchase Kirby's conflicting claim thereto, it would have been an effort to buy his peace. A letter could be so framed, and when so framed, it would clearly not interrupt the running of the statute of limitation. As already stated, this is not such a letter.

Counsel for defendants in error have shown commendable zeal and much ability in presenting the cause of their clients, but we are constrained to the conclusion that the Martin letter aforesaid stopped his adverse possession to this 60-acre tract of land.

Therefore we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and judgment here rendered in favor of plaintiff in error for the entire 1,280 acres sued for in the district court, including the 60-acre tract discussed in this opinion.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for plaintiff in error.