## YOUNG v. WILLIAMS.

No. 1569.

Court of Civil Appeals of Texas. Waco.

Feb. 14, 1935.

Rehearing Denied March 7, 1935.

Seale & Seale, of Centerville, for appellant.

W. D. Lacey, of Centerville, for appellee.

GALLAGHER, Chief Justice.

This is a suit in trespass to try title, brought by appellee, Joe B. Williams, against appellant, William F. Young, to recover 50 acres of land alleged to be a part of the William F. Young survey in Leon county. Appellee included in his petition a special plea claiming that title to the land sued for had become vested in him prior to the institution of the suit under the provisions of the ten-year statute of limitation.

The case was tried to the court. Appellee introduced testimony tending to establish his claim to the land under said statute, and the court rendered judgment thereon in his favor for the recovery thereof.

Opinion.

Appellant assails the sufficiency of the evidence to support the judgment on the ground that a certain letter written by appellee to appellant constituted such a recognition of appellant's title to the land sued for as to conclusively rebut any contention that his possession then or thereafter was adverse to appellant. Appellee's deed to the 50 acres in controversy was filed for record December 8, 1914, and possession of at least a part of the land described therein was held by appellee continuously thereafter for more than ten years. The testimony, briefly stated, shows that one Nichols was seeking to acquire oil leases as a basis for the drilling of a test well in that vicinity. Nichols, in a letter written by him to appellee, declined to proceed further in the matter unless he secured a lease on appellant's lands. No description, either general or specific, of appellant's lands was given in said letter, and ownership by appellant was the only means of identification contained therein. Appellee, on January 29, 1923, less than ten years after he recorded his deed to the land in controversy, wrote to appellant, inclosing a copy of Nichols' letter to him and stating in connection therewith: "The letter from Mr. Nichols above is evidence sufficient that Nichols will not drill a test well unless you pool your acreage with us. Please come in with us and get a test well." No response to said letter was shown. Appellee testified in this connection that at the time he wrote said letter he knew that Young owned a tract of land there, but that he did not know that the 50 acres claimed by him in this suit was ever a part of such tract and did not think that Young owned the same; that he knew said land was a part of the Brinkley homestead at the time he purchased the same and thought it belonged to him. Appellant's patent had not then been recorded in Leon county. The field notes of the same show that it contained 191 acres and that the 50-acre tract in controversy was a strip 360 varas wide, extending at right angles from the main body between two adjoining surveys, a distance of 772 varas, to the line of still another survey.

A recognition of the title of the real owner by the limitation claimant breaks the continuity of his adverse possession and arrests the running of limitation. 2 Tex. Jur. p. 135, § 70, and cases cited in note 13; Houston Oil Co. v. Pullen (Com. App.) 272 S. W. 439; R. W. Wier Lumber Co. v. Eaves (Tex. Com. App.) 296 S. W. 481. When the land to which the title of the real owner is recognized by the claimant is clearly designated, and such recognition is unequivocal, as in the last two cases cited, the same constitutes a complete bar to his claim of title by limita-

tion, unless such title had been perfected prior thereto. 2 Tex. Jur. p. 139, § 73. Moreover, as held in said cases, when such recognition is in writing, the claimant will not be heard to assert that he did not mean to say what he did in fact say. Said authorities are inapplicable in this case. Appellee's letter to appellant did not in any way describe or designate the land referred to therein as appellant's "acreage," nor was there anything therein indicating that appellee knew that a part of the land in his possession and use at the time in fact belonged to appellant. Since the language used in the letter was vague and indefinite, parol testimony was admissible to aid the court in construing and applying the same. The court held that appellee's letter to appellant did not relate to the land in controversy. Appellant did not testify and made no claim that he was misled by said letter. Appellant's contention is overruled.

■ Appellant assails the sufficiency of the evidence to support the judgment on the ground that there was nothing to show that the title to the land in controversy passed out of the state so as to render the same subject to adverse holding, prior to the issuance to appellant of a patent thereto on February 17, 1933. Appellee introduced in evidence a copy of an award of the land in controversy made by the Commissioner of the General Land Office to appellant in pursuance of an application to purchase the same by him. Said award was dated November 15, 1907, and the lands so awarded were designated by locative description. Apparently such purchase was in part on a credit, as interest at the rate of 5 per cent. was expressly stipulated. The patent subsequently issued recited that the land was fully paid for and described it in the same general terms as in the award, and in addition thereto by metes and bounds. Appellant's application for the purchase of said land and the award of the same to him in pursuance thereof constituted a contract of purchase, and vested in him an equitable title thereto sufficient to authorize him to maintain a suit for the recovery of the same against a trespasser. The fact that the patent had not been issued when appellee recorded his deed to the land in controversy and took adverse possession of the same constituted no bar to the running of the statute in his favor. 2 Tex. Jur. p. 32 et seq., § 13, and cases cited in notes 2 and 3; Dutton v. Thompson, 85 Tex. 115, 117, 19 S. W. 1026; Paterson v. Rector (Tex. Civ. App.) 127 S. W. 561, par. 1, and authorities there cited; Whitaker v. McCar-

ty (Tex. Com. App.) 221 S. W. 945, 946, pars. 2 and 3, and authorities there cited.

We have examined all appellant's other assignments and find that none of them present reversible error.

The judgment of the trial court is therefore affirmed.