**STRATTON et al. v. WEST.**

No. 11692.

Court of Civil Appeals of Texas.
San Antonio.
March 19, 1947.

Frank Lane, of Brackettville, and David E. Hume, of Eagle Pass, for appellants.

W. P. Wallace, of Del Rio, for appellee.

MURRAY, Justice.

This suit was instituted by W. Fred West against Clarence Stratton and Mrs. Bessie Wilson, a feme sole, seeking to enjoin the defendants from diverting the flow of the water in Las Moras Creek, located in Kinney County, Texas, so as to deprive plaintiff of the use thereof for irrigation, domestic and livestock purposes. Upon the completion of the testimony, the court, upon motion of plaintiff, instructed the jury to return a verdict in favor of plaintiff and judgment was rendered in accordance with the verdict, from which judgment Clarence Stratton and Mrs. Bessie Wilson have prosecuted this appeal.

Appellants claim paramount rights to the use of the water of Las Moras Creek, acquired by prescription. An upper riparian proprietor may, by prescription, acquire the right to use the water of a running stream, in a special way and in excess of the right arising from ownership

of his land, to the injury and detriment of lower riparian proprietors, and the time to perfect such a right by prescription is ten years. Martin v. Burr, 111 Tex. 57, 228 S.W. 543. To acquire such prescription rights the use must be continuous, adverse, peaceable, with actual or constructive notice to the lower riparian owners whose rights are invaded. Martin v. Burr, supra.

The question here is, was there sufficient evidence to take to the jury the question of the paramount prescriptive rights of appellant to the water of the Las Moras Creek?

Appellant Clarence Stratton testified that he went into possession of his present farm, consisting of some 300 or 400 acres bordering the Las Moras Creek in Kinney County, in the year 1919 and has continued such possession since that time; that he has used all the water from the Las Moras Creek that he needed during all of this time, for irrigation, domestic and livestock purposes. He further testified (and his testimony is more than evidence, it is a judicial admission against interest) that he and T. J. Martin, who owned and operated the place now owned and operated by appellee, had an agreement about the use of the water from the Las Moras; that under their agreement he would use the water for a week or so, and then he would open the gate in his dam and let the water go on down to Martin, and thus allow him to use it for a week or so. This arrangement continued until 1944 when Martin sold his farm to appellee.

The use of the water by appellant Stratton under a working agreement with Martin and with his consent would not ever ripen into a prescriptive right to the use of the water as against Martin and his successor in title. Such use was not adverse to the rights of Martin and without adverse use no prescriptive rights accrue. 2 Tex.Jur. pp. 133 and 135; Boone v. City of Stephenville, Tex.Civ.App., 37 S.W.2d 842; Young v. Williams, Tex.Civ.App., 80 S.W.2d 399.

In 27 R.C.L. p. 1290, § 201, the rule is stated thus:

"As a general proposition a prescriptive right to the use of water or lands in connection therewith can be acquired only by an adverse user of the character which is requisite for the acquisition of title to lands. Translating this general doctrine into specific language, the rule is that to acquire ownership of a water right by adverse user, the use must be continuous, uninterrupted, adverse and exclusive under a claim of right for the prescriptive period. It must either be such that knowledge on the part of the person against whom it is claimed will be presumed from its open, notorious and uninterrupted character, or it must be with his knowledge."

Accordingly, the judgment of the trial court will be in all things affirmed.