## MILLSAPS et ux. v. NAYLOR et ux.
### No. 12326.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 19, 1951.

Rehearing Denied Oct. 17, 1951.

Grover C. Morris, San Antonio, for appellants.

Oliver & Peace, San Antonio, for appellee.

NORVELL, Justice.

This is a trespass to try title action involving a narrow strip of land lying along the east side of Lot 33, hereinafter described. Trial was to the court without a jury and findings of fact and conclusions of law were requested and filed. According to the findings, the plaintiffs, who are appellees here, own Lots 33 and 34 in Block 10, N. C. B. 3111 of Fox's Beacon Hill Addition in San Antonio, Texas, while defendants own Lots 31 and 32 in said block and addition. Defendants claimed part of Lot 33 and it is undisputed that there is a fence situated upon Lot 33, which parallels the true dividing line between defendants' Lot 32 and plaintiffs' Lot 33. The fence extends for a distance of about half the length of the lots. There is a concrete curb which extends parallel to the true boundary line, running from the front of the lot back to the point about where the fence begins. This curb marks the boundary of a driveway to plaintiffs' garage. Lots 32 and 33 face upon Hildebrand Avenue and the fence and curb or concrete strip mark a line extending from the front of said Lot 33 to an alley in the rear thereof.

Defendants acquired Lots 31 and 32 in February of 1921, while the plaintiff Mrs. Naylor, then Jessie A. Flowers, a feme sole,

acquired Lots 33 and 34 in August of 1931. Defendants claimed title under the ten-year statute of limitations, Article 5510, Vernon's Ann.Civ.Stats. The trial court found that defendants' possession of that portion of Lot 33 lying east of the fence had not been commenced or continued under any claim of right; that defendants prior to 1950 had not claimed adversely and had never claimed any land other than that described in their deed.

The case turns upon the sufficiency of the evidence to support these findings. There was evidence, and the trial court made a subsidiary finding, that the fence and curb had been maintained upon Lot 33 with the consent and permission of plaintiffs. According to plaintiffs' testimony, there were trees growing on the property line and they had allowed the structures to remain on their property so as to avoid injuring the trees. While it appears that defendants had title to Lots 31 and 32 for a few months over ten years prior to the time Mrs. Naylor acquired Lots 33 and 34, it does not conclusively appear, as a matter of law, that defendants asserted an adverse claim to the disputed strip immediately upon acquiring Lots 31 and 32. The testimony of plaintiffs that defendants did not claim adverse to them is some evidence that defendants did not assert an adverse claim against plaintiffs' predecessor in title. In Bruni v. Vidaurri, 140 Tex. 138, 166 S.W. 2d 81, 88, the Supreme Court said: "The possessor's acknowledgment of title in another when made before the completion of the bar will defeat limitation. Houston Oil Co. [of Texas] v. Pullen, Tex.Com.App., 272 S.W. 439; Thompson v. Richardson, Tex.Com.App., 221 S.W. 952; Whitaker v. Thayer, 38 Tex.Civ.App. 537, 86 S.W. 364. While such acknowledgment, if made after the limitation title has been completed, does not have the effect of destroying the title thus completed, it is evidence tending to show that the possession was not adverse. Bracken v. Jones, 63 Tex. 184, 188; Whitaker v. Thayer, 38 Tex.Civ.App. 537, 86 S.W. 364, 366; Cuellar v. DeWitt, 5 Tex.Civ. App., 568, 24 S.W. 671, 672, application for writ of error refused." See also, Thompson v. Moor, Tex.Com.App., 14 S.W.2d

803; 2 Tex.Jur. 133, Adverse Possession, § 69.

The evidence supports the trial court's findings and the judgment is accordingly affirmed.