CLIETT et al. v. SCOTT et al.

Civ. A. No. 6068.

United States District Court
S. D. Texas, Houston Division.

Feb. 19, 1952.

2. The Sapphire, 8 Wall. 51, 85 U.S. 51, 21 L.Ed. 814.

3. The Eastern Prince, D.C., 22 F.Supp. 880, 883.

Sam G. Croom, of Houston, Tex., for plaintiffs.

W. H. Betts, of Hempstead, Tex., for defendants.

KENNERLY, Chief Judge.

This suit, filed in a State Court March 7, 1941, and removed into this Court April 13, 1951, involves certain lands in Waller County, in this District and Division. The

442

parties to this suit, or those whose title they have, have heretofore been before this Court and an Appellate Court, litigating the title, etc. to such lands. See Scott v. Smith, 5 Cir., 84 F.2d 489, and Cliett v. Scott, 5 Cir., 102 F.2d 725. As a result of that litigation, Plaintiffs and Defendants by Judgment of this Court on March 14, 1938,[1] each recovered an undivided one-half interest in and to such lands.

This suit having been originally filed in the State Court, various pleadings have been filed by the parties both in the State Court and in this Court. These are hereinafter more fully set forth. However, the case is now pending here on Plaintiffs' Third Amended Complaint, filed herein October 15, 1951. In such pleading, Plaintiffs seek to recover title to and possession of said lands in their *entirety,* but in the alternative Plaintiffs say that if Defendants own an undivided one-half interest therein, Plaintiffs have paid certain taxes, costs and expenses with respect thereto, and they sue for, and claim they are entitled to recover from Defendants, reimbursement therefor. Defendants deny that Plaintiffs own the *entire* title to such lands, but say that Plaintiffs and Defendants each own an undivided one-half thereof. They also deny that Plaintiffs are entitled to recover the taxes, costs and expenses sued for.

Defendants have moved for Summary Judgment, and this is a hearing of such Motion. The grounds upon which Defendants claim to be entitled to such Summary Judgment will be stated in the discussion.

1—Defendants say in their Motion for Summary Judgment that the Judgment of this Court of March 14, 1938, vested in Plaintiffs and Defendants each an undivided one-half interest in said land, and they plead such Judgment as res adjudicata of any dispute now existing between the parties with respect to such title. It is perfectly plain that under such Judgment and the record as presented here, Plaintiffs and Defendants are each the owners of an undivided one-half interest in such lands, unless Plaintiffs have, as they claim, acquired title thereto under the Texas Ten Year Statute of Limitation.

2.—Plaintiffs, as stated, claim such land, etc. under the Texas Ten Year Statute of Limitation.[2] Defendants say in reply that even though Plaintiffs have been in possession of said land (which, however, they deny) for the length of time prescribed by such Statute, Plaintiffs cannot recover

---

1. The pertinent portion of such Judgment is as follows:—

"That the plaintiffs herein Mrs. Flora Scott, a widow, individually and as the Administratrix of the estate of George Scott, deceased, and Mamie S. Hammonds, O. O. Hammonds, Reed Scott, Jeff Scott and Bertha Scott are the owners and holders of a full undivided one-half interest in and to the following described land and premises situated in Waller County, Texas, to-wit:

(Here follows description of land by metes and bounds) the title to which land stands in the name of Irene Smith, now Irene Smith Cliett.

That it be and it is here now declared that the defendant herein Irene Smith Cliett holds the title to said undivided one-half interest in the lands aforesaid in trust for the plaintiffs hereinabove named."

2. Article 5510 of Vernon's Civil Statutes of Texas is as follows:—

"Art. 5510. Ten years' possession

"Any person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward. The peaceable and adverse possession contemplated in this article, as against the person having right of action, shall be construed to embrace not more than one hundred and sixty acres, including the improvements or the number of acres actually enclosed, should the same exceed one hundred and sixty acres; but when such possession is taken and held under some written memorandum of title, other than a deed, which fixes the boundaries of the possessor's claim and is duly registered, such peaceable possession shall be construed to be co-extensive with the boundaries specified in such instrument."

under such Statute, because Plaintiffs' claim has been neither peaceable [3] nor adverse [4] within the meaning of such Statute. Or if it has been peaceable or adverse, they say the facts show a tolling of such Statute for a sufficient length of time to prevent Plaintiffs from recovering thereunder.

■ The Judgment of March 14, 1938, settles, as of that date, all questions of title, limitation, possession, or otherwise, between Plaintiffs and Defendants, and in order to recover, Plaintiffs must show full ten years *peaceable* and *adverse* possession under such Statute *subsequent to that date.* This Record clearly shows that Plaintiffs have not done so and cannot do so.

■ Whatever may be said with respect to Plaintiffs' possession between March 14, 1938, and March 7, 1941, it is perfectly plain that this Record shows that Plaintiffs' claim and possession of said land was not peaceable and adverse for full ten years subsequent to March 7, 1941.

Particularly it was not peaceable and adverse from March 7, 1941, to September 29, 1947. Nor from September 29, 1947, to March 24, 1951. This was true for the following reasons:—

(a) On that date (March 7, 1941), not claiming such lands in their entirety, but moving on the theory that Plaintiffs and Defendants each owned an undivided one-half interest therein, Plaintiffs brought this suit against Defendants in the District Court of Waller County to recover from them monies claimed by Plaintiffs to have been expended for taxes, costs and expenses on the *whole* of such lands. They ask that the sum so paid out be declared to be a lien on such lands or Defendants' one-half thereof.[5]

(b) On September 29, 1947, Defendants filed in this suit in the District Court of Waller County their Answer to Plaintiffs' suit so filed on March 7, 1941, in which Defendants join issue with Plaintiffs as to Plaintiffs' right to recover such sums of

3. Article 5514, defining peaceable possession, is as follows:—
   "Art. 5514. 'Peaceable possession'
   " 'Peaceable possession' is such as is continuous and not interrupted by adverse suit to recover the estate."

4. Article 5515, defining adverse possession, is as follows:—
   "Art. 5515. 'Adverse possession'
   " 'Adverse possession' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

5. The Prayer in Plaintiffs' Petition is as follows:—
   "Wherefore, premises considered, plaintiff prays the court that the defendants herein be cited to appear and answer herein and that she recover a judgment (a) for the several amounts paid and expended by her for repairs and improvements on said parcels of property above fully described, together with 6% interest per annum thereon from the date of the several payments and that an order be entered herein establishing a lien in favor of plaintiff against said several parcels of property for the costs of said improvements and repairs and (b) that plaintiff have judgment against the defendants and each of them for the several amounts paid by

her when the deeds for the several parcels of property above described were obtained, as well as the several balances of the purchase price of said parcels of property thereafter paid by her, together with 6% interest per annum thereon from date of the said several payments and further that it be decreed that she have a lien on said parcels of property for said several amounts and that in any event she be subrogated to the liens held and owned by the grantors of said property at the time said deeds were executed securing the purchase price of the same and (c) that she have a judgment against the defendants and each of them for the taxes paid by her in the amounts set forth in Exhibits A and B attached hereto and (d) that it be decreed that she have a lien on said parcels of property securing the payment of said several amounts paid as taxes thereon, and in any event that a decree be entered subrogating her to the lien of the State and County against said parcels of property for said taxes so paid by her, all of said liens and any Judgments entered be decreed to be prior to any right, title or interest of the defendants in and to said parcels of property or any of them, and further that plaintiff recover all costs and for such other and further relief, special and general, in law or equity, to which she may be justly entitled."

money from Defendants, and by cross-action, sue Plaintiffs for the rents and profits of one-half of such lands during the period of time Plaintiffs had been in possession thereof.

(c) On October 17, 1947, by Supplemental Petition filed in said cause in the District Court of Waller County, Plaintiffs join issue with Defendants on Defendants' said Answer and Cross-Action, and pray that they be given Judgment against Defendants as set forth in their Original Petition filed March 7, 1941.[6]

(d) On March 24, 1951, Plaintiffs filed in said cause in the District Court of Waller County their Amended Petition, in which they claim to own the whole of such lands and seek to recover same in their entirety. But in the alternative they still seek to recover for monies expended thereon as set forth in their former pleadings.

In other words, Plaintiffs are claiming to have matured title by limitation to the whole of such lands while they were at the same time conceding in their pleadings in this case in the State Court that Defendants owned one-half thereof, and were seeking to recover from Defendants part of the expenditures alleged to have been made by Plaintiffs for the benefit of the whole title. This, under the Texas authorities, they may not do.

To cite all the cases would be such a large task that I quote the language of the Supreme Court of Texas from one of the earlier Texas decisions, Word v. Drouthett, 44 Tex. 365, 369 (italics mine): "The possession must be exclusive, or, as it is generally expressed, it must be 'actual, continued, visible, notorious, distinct, and hostile.' (2 Smith's Lead.Cases, 561, et seq.) It must neither be abandoned, yielded up, or held in subordination to, recognition of, or dependent upon the will or right of another. He who would claim by reason of his adverse possession must, as has been said, 'keep his flag flying.' [Stephens v. Leach, 19 Pa. 262], 265). His entry upon the land must be with intent to claim it as his own or hold it for himself; or his intention to do so, if conceived after going into possession for some other purpose, must be manifested by some open or visible act or declaration showing such purpose, in order to set the statute in motion in his favor. (Wash. on Real Prop., 125; 2 Smith's Lead.Cases, 561). *The possession must be fair and open, because 'the statute was not made to serve the purpose of artifice and trick.'* (Sailer v. Hertzogg, 2 Pa. 182, 185)."

And I quote from one of the most recent cases, Delany v. Patterson Padgett et al., 5 Cir., 193 F.2d 806, 810, where in discussing adverse possession under the Texas Statutes of Limitation, it is said (italics mine):

"These same authorities do, though, make it perfectly clear that the claim of right referred to in the statutes means a bold and open, a downright and persistent claim asserted not furtively by stealth and artifice, but openly, notoriously, unequivocally, adversely and continuously. Because this is so, the decisions under these statutes take pains to leave in no doubt that if there is any break or chink in the armor of proof which a possessor must put and keep on when he undertakes to acquire a title by limitation, *such as a single lisp of acknowledgement,* the slightest uncertainty or equivocation in the openness and downrightness of his claim, a failure to comply precisely and exactly with the statutory provision, it is, and will be, fatal to the claim."

The pleadings of Plaintiffs filed herein as stated are more than *"lisps of acknowledgement"*. They are plain declarations and admissions that Defendants owned an

---

6. The Prayer of Plaintiffs in such Supplemental pleading is as follows:—

"Wherefore, having answered fully to the defendants' cross-action and all parties being before the Court, plaintiffs pray that the defendants take nothing by their cross-action and that these plaintiffs go hence without day as to said cross-action; that they further recover judgment against the defendants as prayed for in their original petition and for all costs of suit and for general relief."

undivided one-half interest in the land. See Warren v. Frederichs, 83 Tex. 380, 384, 18 S.W. 750. Houston Oil Co. of Texas v. Pullen, Tex. Com.App., 272 S.W. 439, 440, where it is said:

"There are various ways by which the title of another may be recognized. For instance, as stated by counsel in the application for writ of error:

" '(1) By agreement to hold under another. Burrell v. Adams, 104 Tex. 183, 135 S.W. 1156; Weisman v. Thomson, Tex. Civ.App., 78 S.W. 728. (2) By the taking or offering to take a lease. Gillean v. Frost, 25 Tex.Civ.App. 371, 61 S.W. 345. (3) By an offer to buy when it involves an admission of title. Mhoon v. Cain, 77 Tex.[316] 317, 14 S.W. 24; Texas & N. O. R. Co. v. Speights, 94 Tex. 350, 60 S.W. 659; Schleicher v. Gatlin, 85 Tex. 270, 20 S.W. 121; Chapman v. Dickerson, Tex. Civ.App., 223 S.W. 318. (4) By a promise to pay rent for the use of the land. Gordon v. Gordon, Tex.Civ.App., 224 S.W. 716. (5) By an admission that he claims no title. Warren v. Frederichs, 83 Tex. [380] 384, 18 S.W. 750; McDonald v. McCrabb, 47 Tex.Civ.App. 259, 105 S.W. 238. (6) By an admission of title in another. Texas West R. Co. v. Wilson, 83 Tex. [153] 157, 18 S.W. 325; Beal v. Earhart, Tex.Civ. App., 249 S.W. 1093; Thompson v. Richardson, Tex.Com.App., 221 S.W. 952; Satterwhite v. Rosser, 61 Tex. 166; Whitaker v. Thayer, 38 Tex.Civ.App. 537, 86 S.W. 364; Gillean v. Frost, 25 Tex. Civ.App. 371, 61 S.W. [345] 347; Texas & N. O. R. Co. v. Speights, 94 Tex. 350, 60 S.W. 659; Mass v. Bromberg, 28 Tex. Civ.App. 145, 66 S.W. 468. (7) And in various other ways, Corpus Juris, Vol. 2, p. 103, par. 142; Collins v. Megason, Tex.Civ. App., 228 S.W. [583] 585.'" See also Brocks v. Phelps, Tex.Civ.App., 285 S.W. 904. Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77.

■ But where, as here, the parties are Tenants in Common, the limitation claimant has a greater burden. Stiles v. Hawkins, Tex.Com.App., 207 S.W. 89, 95. House v. Williams, 16 Tex.Civ.App. 122, 40 S.W. 414. Liddell v. Gordon, Tex.Com. App., 254 S.W. 1098, 1099. Terry v. Terry, Tex.Civ.App., 228 S.W. 299.

It is clear that Plaintiffs have not acquired title to the entire property under the Texas Ten Year Statute of Limitation.

■ 3—Plaintiffs in their Third Amended Petition filed herein are seeking to recover expenditures alleged to have been made by them on such lands prior to March 14, 1938, the date of the Judgment of this Court hereinbefore referred to. The pleadings upon which such Judgment was entered, when looked to, show that Mrs. Flora Scott, et al. (Defendants herein but Plaintiffs there) were seeking to recover from Irene Smith (Plaintiff herein but Defendant there) the lands involved in this suit, upon the claim that she (Irene Smith) held same in trust for them. She (Irene Smith) was called upon in said suit to account to Scott, et al. for such rents, revenues, and other gains and profits which she had received and collected on account of such lands. Irene Smith answered, denying that she held such lands, or any part thereof, in trust for Scott, et al., and claimed that she herself owned them, and prayed Judgment therefor. She also prayed that she be decreed to be entitled to all rents and revenues, etc. derived in the past or in the future from said lands, etc. While the Judgment of March 14, 1938, does not in so many words dispose of these claims for money asserted by the parties, I think the legal effect thereof was to do so, and that Plaintiffs may not recover here any sums of money expended by them on said lands, etc. prior to March 14, 1938.

4—From what has been said, it follows that Defendants' Motion for Summary Judgment should be sustained and that Defendants are entitled to Judgment here for an undivided one-half interest in such lands. Also that Plaintiffs take nothing for expenditures claimed to have been made by them on such lands prior to March 14, 1938.

In view of the foregoing ruling, there is only left in the case for determination by

the Court an accounting between Plaintiffs and Defendants as Tenants in Common since March 14, 1938. The Court will, as soon as conveniently possible, hold a Pre-Trial Hearing with respect to such remaining matters, to the end that they may be quickly tried and disposed of.