**SCOTT et al. v. SMITH**
No. 7891.

Circuit Court of Appeals, Fifth Circuit.
June 22, 1936.
Rehearing Denied July 25, 1936.

H. Earl Cox and Alfred M. John, both of Houston, Tex., for appellants.

Larry W. Morris, of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The plaintiff appellants are the heirs at law of George Scott, recently dead intestate, and they sue the defendant appellee, Irene Smith, asserting that six tracts of land in Texas to which she had the paper title had been purchased with money of Scott with a resulting trust in his favor. A decree accordingly, with possession of the land and recovery of rents and revenues and general relief, is prayed. Irene Smith asserts that the lands were bought with her money and that no one else had any interest in them, and she prays that title be quieted in her and for general relief. The trial court found that there was a partnership between George Scott and Irene Smith beginning in 1926 under which they built a store on land standing in the name of George Scott (which land is not here in dispute) and conducted a profitable business until Scott's death in 1933. All money was kept in a deposit account in bank in the name of George Scott, but the checks of Irene Smith against it were al-

so honored. In the absence of definite evidence on the point it is to be assumed that the partners were equally interested. The trial judge, who heard all the witnesses orally, including Irene Smith, thus rejected her claim and testimony that everything was hers, but found there was as stated a partnership with Scott. The evidence well sustains these findings. The judge further found that there were individual dealings of each in cattle which were not partnership matters, though the money to buy the cattle was all taken from the partnership bank account and the proceeds of cattle sold put back into that account. We think the evidence does not justify the conclusion that the cattle dealings were not also under the partnership, though transactions of purchase and sale occurred with one when the other was not present. All the cattle seem to have been branded alike with the letter S, which might stand for either Scott or Smith or both. All were pastured on the same land, that in dispute, and when sold the money got for all went back into the common account whence the purchase price had been taken. It appears to us that these activities also were partnership transactions and do not show any division of partnership profits or attempt thereat. The judge also found that the five tracts of land in dispute bought respectively in 1927, 1928, 1929, 1930, 1931, and 1932 were not partnership transactions but investments of the separate moneys of Irene Smith and therefore hers without any interest in or trust for Scott. This conclusion we find to be without support in the evidence. There is no doubt that every payment was made with money from the bank account standing in Scott's name, but really belonging to them both as partners. Sometimes Scott made the trades, drew the checks, delivered them, and attended to the taking of the deeds and sometimes Irene Smith did. The papers were taken in her name and she signed the notes when any were given, but all the money that was paid was partnership money. Scott was an aging man nearing seventy and not in good health. He was separated from his wife. Irene Smith was much younger and in good health. He gave as the reason for having one tract put in her name that it would facilitate its transfer if he sold. He would not have to get his wife to join in a conveyance. At other times he said Irene Smith had worked hard and ought to have it. But neither pleading nor evidence is at-

490

tempted of any gift from him; and in that case his wife's community rights would be in the way. There is no evidence that Scott had withdrawn in any way his share of the partnership moneys, and that what was put into the lands was Irene Smith's share. He and she and her young son all lived together as one household evidently all supported from the store. Scott is not shown to have had any sort of settlement of the partnership with Irene Smith. The bank's record of the entire account is in existence and in evidence and Irene Smith says she has many of the checks, but no effort is made to show any withdrawal by Scott for his own use. We could readily believe that Scott intended that Irene Smith should have the property in case of his death and not his abandoned family; but we do not think that in case of her death he intended that this Smith child should have everything and he in his old age nothing. But speculation as to intent aside, the fact is that partnership moneys have been laid out in lands in the name of one partner with no claim of a gift, and with no offsetting withdrawal by the other partner shown. We think equity can do no other than treat the partner who holds title as a trustee for the partnership. It does appear that on the death of Scott that Irene Smith was not allowed to draw further at the bank and she qualified as Scott's administratrix to get the balance of about $300. Probably she has applied that, or must apply it, as belonging to Scott; so that she may be entitled to an offsetting credit. It is also to be noted that the last purchased tract is heavily incumbered and the partnership equity in it is relatively small. There is no evidence as to the amount or disposition of the stock of merchandise in the store at Scott's death or the indebtedness of the business if any. The decree rendered in favor of Irene Smith cannot stand, nor on the present record should there be one for the plaintiffs. The lands are partnership assets, and the court ought first to ascertain and settle the affairs of the partnership. To this end the personal representative of George Scott should be made a party. The case should be reopened for further evidence as to the withdrawals of the partners, the debts, and the assets of the partnership besides the lands here in controversy. The proper disposition of the lands may thereby become more evident.

Accordingly, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.