**CLIETT et al. v. SCOTT et al.**

No. 8835.

Circuit Court of Appeals, Fifth Circuit.

March 14, 1939.

Larry W. Morris, of Houston, Tex., for appellants.

H. Earl Cox, of Houston, Tex., and Fred P. Branson, of Muskogee, Okl., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

This action was originally instituted by Flora Scott and others, appellees, as heirs of George Scott, deceased, to recover certain lands in Waller County, Texas. The record title to said property was in Irene Smith, now Irene Smith Cliett, and the appellees contended that the lands had been purchased with the money of George Scott.

When this case was here before (Scott v. Smith, 5 Cir., 84 F.2d 489), we sustained the finding of the trial court that a partnership existed between Irene Smith (now Irene Smith Cliett) and George Scott and held that in the absence of definite evidence on the point "it is to be assumed that the partners were equally interested".

In that case we said, "The lands are partnership assets, and the court ought first to ascertain and settle the affairs of the partnership. * * * The case should be reopened for further evidence as to the withdrawals of the partners, the debts, and the assets of the partnership besides the lands here in controversy. The proper disposition of the lands may thereby become more evident".

On the second trial of this case in the court below both parties declined to introduce additional evidence, and the cause was submitted for decision on the record made on the former trial. The court thereupon found the issues in favor of the appellees and awarded them one half of the lands in controversy.

Irene Smith Cliett was the surviving partner and the record shows that all information with reference to partnership assets and accounts were peculiarly within her knowledge. Being the surviving partner, the burden was upon her to make an accounting and show thereby, if she could, that her interest in the lands was greater than that presumed by law and declared in our former opinion. This she failed to do.

The decision of the trial court is in conformity with our former opinion.

The judgment is affirmed.

[10] 4 F.2d page 460.