**DALTON v. HUNTER, Warden.**

No. 3848.

United States Court of Appeals
Tenth Circuit.

May 10, 1949.

634

Appellant pro se.

Lester Luther, United States Attorney, and Malcolm Miller, Assistant United States Attorney, Topeka, Kan., on the brief, for Appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Dell Texas Dalton, hereinafter referred to as petitioner, was indicted in the United States Court for Southern Texas. The indictment contained seven counts. The first count charged that while not being an officer or an enlisted man of the United States Army, petitioner unlawfully wore a uniform which was similar to a distinctive part of the duly prescribed uniform of the Army; the second count charged that he imported and attempted to import into the United States from Mexico, a female alien, for the purpose of intercourse and other immoral purposes; the third count charged that he held and attempted to hold such female alien for the purpose of intercourse and for other immoral purposes in pursuance of her illegal importation, the fourth count charged that he transported and caused to be transported such female in foreign commerce from Mexico into the United States, for the purpose of intercourse, debauchery, and other immoral purposes; the fifth count charged that he persuaded, induced, enticed, and coerced, caused to be persuaded, induced, enticed, and coerced, and aided and assisted in persuading, inducing, enticing, and coercing such female to go from Mexico into the United States, for the purpose of debauchery, intercourse, and other immoral purposes; the sixth count charged that he brought and attempted to bring such fe-

male alien into the United States, she not then and there being lawfully entitled to enter and reside within the United States; and the seventh count charged that he concealed and harbored and attempted to conceal and harbor such alien female, she not having theretofore been duly admitted to the United States. Petitioner pleaded guilty to the indictment and in December, 1943, he was sentenced to imprisonment for ninety days under the first count, to imprisonment for ten years under the second count, to imprisonment for ten years under the third count, and to imprisonment for five years under the fourth count, aggregating twenty-five years and ninety days, with provision that the several sentences should run consecutively. He was further sentenced to imprisonment for five years on the fifth count, to imprisonment for five years and to pay a fine of one thousand dollars under the sixth count, and to imprisonment for a term of five years and to pay a fine of one thousand dollars under the seventh count, with provision that the sentences imposed under such counts should run concurrently and should be suspended for the term of five years.

Petitioner was confined in the federal penitentiary at Leavenworth, Kansas, for service of the sentences imposed under the first, second, third, and fourth counts of the indictment. He instituted this proceeding in habeas corpus to secure discharge from further confinement. The warden responded, an attorney was appointed to represent petitioner, petitioner was produced in open court and testified in his own behalf, the writ was denied, and petitioner appealed.

Petitioner devotes much of his brief to factual matters. He argues among other things that he and his first wife were divorced; that the marriage between him and his second wife was annulled; that he and the woman referred to in the indictment were common-law husband and wife; and that their coming into the United States and thereafter living together did not involve any immoral purpose. By pleading guilty to the indictment, petitioner admitted all the materials facts therein charged. His plea was a confession of guilt. It amounted to a conviction of the offenses charged in the indictment. And he cannot now present such factual matters for review in a proceeding in habeas corpus to obtain release from confinement after conviction. Bugg v. Hudspeth, 10 Cir., 113 F.2d 260; Norris v. Hudspeth, 10 Cir., 114 F.2d 1007.

The only question open to review in this proceeding is whether the first, second, third and fourth counts in the indictment returned against petitioner each charged a penal offense, and whether the sentence imposed under each count was one authorized by law. The sentences imposed under the fifth, sixth, and seventh counts are not involved as petitioner is not confined under them. In considering whether the first, second, third, and fourth counts each charged a penal offense, it is the well recognized rule that defects in an indictment, not going to the jurisdiction of the court which pronounced the sentence, may not be raised on habeas corpus. In a proceeding of this kind the question is not whether the indictment was vulnerable to direct attack by demurrer or motion in the criminal case, but whether it was so fatally defective that it deprived the court of jurisdiction. If it attempted to charge the essential elements of a penal offense of which the court had jurisdiction, its technical sufficiency is not open to challenge in habeas corpus. Moore v. Aderhold, 10 Cir., 108 F.2d 729; Creech v. Hudspeth, 10 Cir., 112 F.2d 603; Hastings v. Hudspeth, 10 Cir., 126 F.2d 194, certiorari denied, 316 U.S. 692, 62 S.Ct. 1295, 86 L.Ed. 1762; Rosenbloom v. Hunter, 10 Cir., 143 F.2d 673.

With certain exceptions not having any material bearing here, section 1393, Title 10 United States Code Annotated, provides that it shall be unlawful for any person not an officer or an enlisted man in the United States Army, Navy, or Marine Corps, to wear the prescribed uniform, or any distinctive part of the uniform, of the Army, Navy, or Marine Corps. And the penalty for the violation of the statute is imprisonment for not more than six months, or a fine of not more than $250, or both. 18 U.S.C.A. § 702. The first count in the indictment was drawn in the

language of the statute, the sentence imposed was within the maximum authorized by law, and there is no room for doubt that the sentence was valid.

■ Section 138, Title 8 United States Code Annotated, provides in presently material part that whoever shall directly or indirectly import or attempt to import into the United States any alien .for the purpose of prostitution or for any other immoral purpose, or shall hold or attempt to hold any alien for any such purpose, in pursuance of such illegal importation, shall in every such case be deemed guilty of a felony and on conviction thereof shall be punished by imprisonment. for not more than ten years and by a fine of not more than $5,000. The statute creates separate and distinct offenses. It is an offense under its provisions to import or attempt to import an alien woman. into the United States for the purpose of prostitution . or for any other immoral purpose. The second count in the indictment against petitioner was drawn under that provision. It is a separate and distinct offense under the statute to hold or attempt to hold an alien woman for· the purpose ·of prostitution or for any other immoral purpose, in pursuance to her importation into the United States for such purpose. The third count in the indictment was drawn under that provision. And in each. instance, the count charged the essential. elements of the offense, and the punishment imposed was within the maximum authorized by the statute. Therefore, the attack upon the sentences imposed under those counts is without merit.

■ Section 398 [now § 2422], Title 18 United States Code Annotated, provides in presently material part that any person who shall transport or cause to be transported, or aid or assist in transporting in interstate or foreign commerce any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, shall be. deemed guilty of a felony and upon conviction thereof shall be punished by a fine· of not more than $5,000, or by imprisonment of not more. than five years, or both, in the· discretion of· the court. The fourth count was drawn under

that statute. It charged every essential element of an offense under the statute, and the punishment imposed was within the maximum authorized by the statute. Accordingly, such sentence is not vulnerable to the attack which petitioner directs against it.

The judgment is Affirmed.