## SHANNON v. UNITED STATES.

### No. 11585.

United States Court of Appeals

District of Columbia Circuit.

Argued April 15, 1953.

Decided July 2, 1953.

---

480

Mr. C. Brewster Chapman, Jr., Washington, D. C., for appellant. (Appointed by the Court.)

Mr. Peter C. Charuhas, Washington, D. C., with whom Mr. Charles M. Irelan, U. S. Atty., Washington, D. C., at the time of argument, was on the brief for appellee. Mr. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., at the time record was filed, also entered an appearance for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant's claim as contingent beneficiary under a National Service Life Insurance policy was denied by the District Court on the ground that the policy had lapsed for non-payment of premiums and hence was not in force on the date of the insured's death.[1] On September 23, 1945, while on duty in the Philippines, insured was marked AWOL (absent without leave) from his Army unit and was still classed AWOL when found murdered, by person or persons unknown, around the middle of January 1946. Although the information necessary for determining the actual date of death was unknown, the Army fixed it, for official purposes, as January 3, 1946. "Presumably," says the appellee in its brief, "this refers to Philippine Islands time."[2]

The court below agreed with the appellee that under Army regulations (1) pay and allowances ceased on September 23, 1945, the date on which the insured was first marked AWOL; (2) the last allotment available for payment of insurance premiums was withheld on October 31, 1945, to meet the premium due on November 1, 1945; (3) the next premium, which was due on December 1, 1945, was not paid and

---

1. The policy was issued, effective February 1, 1943, to James O. Watkins following his entry into military service, and

was continued in force by allotment withheld from his service pay.

2. Appellee's brief, p. 12.

hence the policy expired at the end of the 31-day grace period—at midnight, January 1, 1946. Appellant challenged this construction of Army regulations but says for the first time on appeal that even under this construction the policy was still in force on the day fixed by the Army as the insured's date of death. We need only consider this contention.

▉ The parties agreed in this court that since the policy was executed at Washington, D. C., that time governs its provisions. They also agreed that since January 1, 1946, was a legal holiday, the 31-day grace period did not expire until midnight, January 2, 1946—District of Columbia time. Because of the 13-hour time differential, we may judicially notice that when it was midnight, January 2, 1946 here, it was 1:00 p. m., January 3, 1946, in the Philippines.[3] The only question left for determination is whether the insured died before or after 1:00 p. m., January 3, Philippine time.

▉ We think the burden of proceeding with the evidence on this question rests with appellee. Although it may be difficult to establish the hour of death, it is plain from the circumstances that such information is most peculiarly within appellee's knowledge.[4] To require appellant to establish the fact would place an impossible burden upon him and do violence to the principle that in war risk insurance cases

"all reasonable presumptions must be indulged in favor of the insured."[5] Since this issue was raised initially on appeal, the case should be remanded with directions to afford the appellee an opportunity to establish the hour of death. If it fails to establish that the insured died after 1:00 p. m., January 3, 1946, Philippine time, judgment should be entered for the appellant.[6]

Appellee urges dismissal of this appeal because appellant failed to docket the record on appeal, pursuant to Rule 73(g), "within 40 days from the date of filing the notice of appeal" or to secure from the District Court an extension of time within which to docket the record.[7] These are the relevant facts: On January 26, 1952, appellant moved in the District Court for leave to appeal in forma pauperis. The motion was denied on February 1, 1952. Appellant took no further action for 87 days after filing his motion in the District Court, when, on April 23, 1952, he filed a motion in this court for leave to proceed in forma pauperis. That motion was granted on September 19, 1952. Appellee reasons that appellant's failure to obtain a District Court extension of the 40-day period for docketing the record was not cured by our grant of his motion to proceed in forma pauperis. We cannot agree.

▉ Appellant's motion in the District Court for leave to appeal in forma pauperis

3. The Philippine Islands are west and the United States are east of the International Date-Line. "At points east of the date-line the calendar day is 1 day earlier than at places west of the line." Information Please Almanac 426 (1953 ed.).

4. Manufacturers' Finance Co. v. Marks, 6 Cir., 1944, 142 F.2d 521, 527. certiorari denied, 1944, 323 U.S. 721, 65 S.Ct. 52, 89 L.Ed. 579; Brown v. Mars, 8 Cir., 1943, 135 F.2d 843, 850, certiorari denied, 1943, 320 U.S. 798, 64 S.Ct. 368, 88 L. Ed. 41; Cliett v. Scott, 5 Cir., 1939, 102 F.2d 725. See discussion, McKelvey, Evidence 103 (5th ed. 1944).

5. United States v. Tyrakowski, 7 Cir., 1931, 50 F.2d 766, 767; United States v. Patryas, 1938, 303 U.S. 341, 343–344, 58 S.Ct. 551, 82 L.Ed. 883.

6. 62 Stat. 963 (1948), 28 U.S.C.A. § 2106, provides that this court in reversing

judgment may direct the district court to enter such judgments as are "just under the circumstances."

7. Rule 73(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., reads in pertinent part: "The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court and the appeal there docketed within 40 days from the date of filing the notice of appeal * * *. In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of filing the first notice of appeal. As amended Dec. 27, 1946, effective March 19, 1948."

adequately served as a notice of appeal.[8] Since Rule 73(a) makes clear that only the notice is jurisdictional and that "further steps" in perfecting an appeal are not, the matter must be disposed of as we "deem appropriate."[9] Rule 73(a), said the Supreme Court in Pyramid Motor Corp. v. Ispass, makes disposition of a case where there has been a late filing of the record on appeal depend "upon the sound discretion of the Circuit Court of Appeals." The Court saw "no reason to question the discretion exercised" by a Circuit Court of Appeals which "based its refusal to dismiss the appeal on the substantiality of the question to be presented on the merits of the appeal, rather than on the substantiality of the excuses for the delay in filing the record."[10] Similarly, we rest our determination not to dismiss this appeal on the substantiality of the question presented on the merits. It is unnecessary for us to consider problems unique to forma pauperis proceedings.

Reversed and remanded.

8. Randolph v. Randolph, 1952, 91 U.S. App.D.C. 170, 198 F.2d 956, 957; Tesciona v. United States, 9 Cir., 1944, 141 F.2d 811; Boykin v. Huff, 1941, 73 App. D.C. 378, 121 F.2d 865.

9. Rule 73(a) reads in pertinent part: " * * * Failure of the Appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal. If an appeal has not been docketed, the parties, with the approval of the district court, may dismiss the appeal by stipulation filed in that court, or that court may dismiss the appeal upon motion and notice by the appellant. As amended Dec. 27, 1946; and Dec. 29, 1948, effective Oct. 20, 1949."

10. Pyramid Motor Corp. v. Ispass, 1947, 330 U.S. 695, 704, 705, 67 S.Ct. 954, 959, 91 L.Ed. 1184.