233 F.2d 269
 Irene Smith CLIETT and J. M. Cliett, Appellants and Appellees,
v.
Jeff SCOTT, Reed Scott, Bertha Scott, and Mamie S. Hammonds, Appellees and Appellants.
Jeff SCOTT, Reed Scott, Bertha Scott, and Mamie S. Hammonds, Appellees and Appellants,
v.
Irene Smith CLIETT and J. M. Cliett, Appellants and Appellees.
 No. 15834.
 United States Court of Appeals Fifth Circuit.
 May 15, 1956.
 Rehearing Denied June 26, 1956.
 
 Sam G. Croom, Houston, Tex., for appellants.
 W. H. Betts, Hempstead, Tex., for appellees.
 Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.
 HUTCHESON, Chief Judge.
 
 
 1
 Begun in the District Court of Waller County, Texas, on March 7, 1941 the suit had for its object the recovery from the defendants; all non-residents of the State of Texas, of moneys paid by the plaintiff, Irene Smith Cliett, on account of the property described in the petition, consisting of about 700 acres of land.
 
 
 2
 Based upon a judgment, declaring that plaintiffs and defendants were joint owners of the property, rendered on March 14, 1938, by the United States District Court for the Southern District of Texas, and affirmed by this court in March, 1939, Cliett v. Scott, 102 F.2d 725, the suit sought a judgment for the amounts claimed and a lien upon defendants' half interest in the property to secure their payment.
 
 
 3
 On September 29, 1947, over six years after the suit was filed, the defendants filed an answer to plaintiffs' suit, denying their claims and a counterclaim which, acknowledging that the property was jointly owned, sought an accounting from plaintiffs for amounts due to them by plaintiffs for the use and occupation of the property.
 
 
 4
 On March 24, 1951, the plaintiffs filed a first amended petition. In and by it they sued in trespass to try title, claiming title by limitation to all the property in controversy, and in the alternative, only, reasserting their original claim for a money recovery.
 
 
 5
 Thereupon defendants filed their petition for removal, and the suit was removed into the United States District Court for the Southern District of Texas, the court in which the rights of the parties in the land had been earlier declared and established.
 
 
 6
 On April 24, 1951, plaintiffs filed their motion to remand on the ground that the defendants had voluntarily submitted to the jurisdiction of the state court and had lost their right to remove.
 
 
 7
 The district court, pointing out in a memorandum opinion that, though, by appearing and answering the original petition, the defendants did submit themselves to jurisdiction of the state court with respect to the claim asserted therein, the amended petition set up an entirely new and completely different claim, and defendants then became and were entitled to remove.
 
 
 8
 On Dec. 5, 1951, defendants filed a motion for summary judgment, and after being fully heard and argued, the motion was sustained and judgment entered for defendants as to the claim of plaintiffs that they had acquired title by limitation to the whole of the land.
 
 
 9
 In a carefully written and correctly argued opinion, the district judge took note of the previous litigation in the federal court, Scott v. Smith, 5 Cir., 84 F.2d 489 and Cliett v. Scott, 5 Cir., 102 F.2d 725, which had ended in a judgment vesting title in plaintiffs and defendants, one-half in each, and that, on March 7, 1941, plaintiffs, not claiming the lands as their own but as jointly owned with defendants, had filed, and for ten years had maintained, a suit for an accounting for moneys claimed to have been expended in the joint interest of the co-owners with a lien to be fixed on defendant's one-half interest in the land. Holding under Texas law, established in the host of cases cited by him, beginning with Word v. Drouthett, 44 Tex. 365, 369, and concluding with Delaney v. Padgett, 5 Cir., 193 F.2d 806, 807, that by thus admitting ownership of a half interest with the defendants in the land plaintiffs were prevented from claiming that they had held the land adversely, he correctly held that the plaintiffs had not in the ten year period claimed by them acquired a limitation title against the defendants. Entering judgment accordingly, he reserved for further action the claims of the respective parties against each other for an accounting growing out of the use and possession of, and the improvements made and moneys expended, on and in respect of the land.
 
 
 10
 Thereafter, a full accounting having been had, the district judge, canvassing the respective contentions of the parties and fully appraising them, found and concluded that sums were due from each to each in amounts which in effect offset each other, and that neither plaintiffs nor defendants were entitled to a money judgment against the other. So concluding, he ordered a partition of the property, appointed commissioners to effect it, and taxed the costs one-half against each.
 
 
 11
 Appealing from the judgment, plaintiffs are here urging upon us that the decree must be reversed because it was error (1) not to remand the cause to the state court; (2) to determine on summary judgment and as matter of law that plaintiffs had not perfected title by limitation; and (3) to find in effect that the claims due plaintiffs by defendants were offset by the claims due defendants by plaintiffs.
 
 
 12
 On their part, defendants are here insisting that the judgment should be affirmed, except on their cross-appeal which alleges error in the accounting and seeks an affirmative judgment in their favor.
 
 
 13
 On the issue of remand, appellants' reliance is placed wholly in the fact, that the removal statute, Sec. 1441, Title 28 U.S.C., accords the right to remove to defendants only, and the claim that defendants, having not only submitted to the jurisdiction of the state court but having invoked its jurisdiction by becoming cross-plaintiffs ceased to be defendants and became in effect plaintiffs.
 
 
 14
 The appellees' position is, and that of the district judge was, that while defendants did consent to the jurisdiction of the state court over the claim for accounting filed by plaintiffs, and did file a counter claim, either permissive or compulsory, this did not change or affect their status as defendants, and under settled law, when plaintiffs filed an entirely new and different suit, defendants' right to remove revived.
 
 
 15
 We think it clear that the position of appellee and the district judge is the correct one. While there is some confusion in the authorities as to the effect on removal of the filing of a cross action,[1] it is well settled that a claim of the kind filed in this case by the defendants against the original plaintiffs was not such an independent suit as to affect the right to remove, and the authorities are overwhelming that, though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action[2] is filed.
 
 
 16
 On the other issues raised, little need be said. We find ourselves in full agreement with the district judge on the issue of limitation. Indeed, we think it is too clear on principle and on authority to admit of discussion that plaintiffs cannot after formally admitting in their pleadings filed in court that the defendants are cotenants with them, later claim that during the period that such pleadings were on file their claim was adverse.
 
 
 17
 When finally we come to the judgment on accounting, with which both plaintiffs and defendants disagree, we think it clear: that the matters considered and determined, with their countervailing equities, were matters of equitable cognizance which, under the facts in this case, including the long prior litigation, the chancellor was peculiarly fitted to assay and determine; and that his conclusion, to leave the parties where the decision of the federal court in 1938 had left them, as co-tenants and as having completely offsetting rights against each other, was a wise and sound conclusion and should not be disturbed.
 
 
 18
 The judgment is, therefore, affirmed.
 
 
 
 Notes:
 
 
 [1]
 45 Am.Jur., "Removal" Sec. 15, p. 817; Habermel v. Mong, 6 Cir., 31 F.2d 822, 67 A.L.R. 216. Cf. Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 74 S. Ct. 290, 98 L.Ed. 317
 
 
 [2]
 Evans v. Dillingham, C.C., 43 F. 177; Mattoon v. Reynolds, C.C., 62 F. 417; Henderson v. Midwest Refining Co., 10 Cir., 43 F.2d 23, 25; Baron v. Brown, D.C., 83 F.Supp. 520