Harold George **HOOVER**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6105.**

United States Court of Appeals
Tenth Circuit.

July 9, 1959.

Arthur J. Kane, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty., Edmond, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

An indictment containing two counts was returned in the United States Court for Colorado against Harold George Hoover and Joy June Brandt. The first count charged that the defendants transported a described stolen automobile from Oklahoma City, Oklahoma, to Aurora, Colorado, knowing it to have been stolen; and the second count charged that they transported a described stolen automobile from Denver, Colorado, to Portland, Oregon, knowing it to have been stolen. Each defendant consented in writing to the transfer of the case to the Western District of Oklahoma for plea and sentence; and it was transferred for such purposes. Accompanied by their attorneys, respectively, the defendants appeared in court in the Western District of Oklahoma; and each pleaded guilty to the two charges contained in the indictment. Several days later, both defendants again appeared in open court—again accompanied by their attorneys—and the defendant Hoover was sentenced to imprisonment for a period of five years on the first count of the indictment and to imprisonment for a term of three years on the second count, with provision that the sentences should run consecutively. After certain intervening procedural steps not having any material bearing here, the defendant Hoover filed a motion under 28 U.S.C. § 2255 to vacate and set aside the judgment and sentence; filed a petition for a writ of mandamus; and filed an affidavit for removal of the judge on the ground of prejudice. By an order filed April 16, 1958, these several pleadings were denied. No formal notice of appeal from such order was filed until June 30. But the record indicates clearly that on May 1, the defendant filed a petition to appeal from such order. A pauper affidavit was attached to the petition. And treating the petition as an application to appeal in forma pauperis, the court entered an order on June 27, allowing it.

A preliminary question relating to the want of jurisdiction of this court to entertain the cause is presented. The Government contends that no notice of appeal was seasonably filed and that therefore the court is without jurisdiction to entertain the cause. An appeal from an order denying a motion under section 2255 is governed by the civil rules applicable to appeals from final judgments in habeas corpus actions. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. Rule of Civil Procedure 73(a), 28 U.S.C., provides in effect that when an appeal is permitted by law from a district court to a court of appeals, a notice of appeal shall be filed in the district court within thirty days from the entry of the judgment appealed from unless a shorter time is fixed by law, except that in any action in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from the entry of such order. And Rule 81 (a) provides in presently pertinent part that proceedings in habeas corpus are governed by the rules of civil procedure, but they are not applicable otherwise than on appeal except to the extent that the practice in such proceedings is not set forth in the statutes of the United

States and has heretofore conformed to the practice in actions at law or suits in equity. Construed together, these rules make it clear that the time for the filing of a notice of appeal from the entry of an order denying a motion under section 2255 is sixty days from the entry of such order. As already indicated, the formal notice of appeal in this case was filed more than sixty days after entry of the order denying the motion under section 2255. But the petition to appeal in forma pauperis was filed within the sixty-day period and it satisfied the requirements of Rule 73(a). Shannon v. United States, 93 U.S.App.D.C. 4, 206 F.2d 479; Gerringer v. United States, 93 U.S.App. D.C. 403, 213 F.2d 346; Burdix v. United States, 9 Cir., 231 F.2d 893, certiorari denied, 351 U.S. 975, 76 S.Ct. 1041, 100 L.Ed. 1492. Therefore, the court has jurisdiction to entertain the cause.

■ Apparently the prolix motion under section 2255 was prepared without the assistance of counsel and in many respects its exact meaning is not entirely clear. As we understand the motion, one ground of attack upon the judgment and sentence was that the indictment contained two parts, one of which could be tried only in Colorado and the other only in Oregon. The contention lacks merit. The indictment contained two counts. Each count charged a separate and distinct offense. The two offenses were of the same character. The court in Colorado had jurisdiction of both offenses. And where the court has jurisdiction of two or more offenses of the same or similar character, they may be charged in separate counts in a single indictment or information. Archambault v. United States, 10 Cir., 224 F.2d 925.

■ Another ground of attack upon the judgment and sentence was that appellant did not have the assistance of counsel at the time he consented to the transfer of the case to the Western District of Oklahoma. The written consent to the transfer which appellant signed expressly recited that he had received and read a copy of the indictment; that he understood the charge stated therein; that he had been advised of his constitutional rights, including the right to advice of counsel; that he wished to plead guilty to the offense charged; that he wished to waive trial in the District of Colorado; and that he consented to disposition of the case in the Western District of Oklahoma, in which district he was then under arrest. Almost twenty days after signing such consent, appellant appeared in open court in the Western District of Oklahoma for arraignment and plea. At that time he was accompanied by his attorney. The attorney stated in open court that appellant had been advised with reference to the procedure in the matter. The court stated that the record should show that both defendants were present in person and represented by counsel, and that they desired to have the court proceed under Rule 20. And with that background, appellant Hoover entered his plea of guilty. It is clear that by such plea, any irregularity in the signing of the consent without the aid of counsel was rendered harmless. Compare, Hearn v. United States, 7 Cir., 194 F.2d 647, certiorari denied 343 U.S. 968, 72 S.Ct. 1064, 96 L.Ed. 1364.

The substance of another ground of challenge to the judgment and sentence was that while appellant was in jail and without the aid of counsel, special agents for the Federal Bureau of Investigation interviewed him, interrogated him, and prepared written statements which he signed. It is argued that statements made or confessions given by an accused without the aid of counsel after being arrested and before being taken before a committing magistrate are not admissible against him. But appellant pleaded guilty. And no evidence was introduced respecting the questions propounded to him, the answers made by him, or the contents of the written statements given by him.

■ Another ground of challenge to the judgment and sentence was in substance that appellant was not guilty of the offense charged in the first count of

the indictment. Stated in summary, it was pleaded in the motion that the co-defendant Joy June Brandt obtained possession of the automobile referred in such count under color of title by means of giving to the owner thereof a worthless check; that appellant did not touch the check; and that the co-defendant drove the automobile from Oklahoma to Colorado. But appellant's plea of guilty to the indictment admitted all facts well pleaded therein and constituted a confession of guilt. Dalton v. Hunter, 10 Cir., 174 F.2d 633, certiorari denied 338 U.S. 906, 70 S.Ct. 301, 94 L.Ed. 557; Kahl v. United States, 10 Cir., 204 F.2d 864. And after entry of such plea and the imposition of the sentence, the judgment was not open to attack by motion under section 2255 upon the ground that as a factual matter appellant was not guilty of the offense charged in the first count. Dalton v. Hunter, supra; Smith v. United States, 10 Cir., 205 F.2d 768.

■ One further challenge to the judgment and sentence was that the probation service made a presentence investigation and report in the case; that the report contained many inaccurate, untrue, and prejudicial statements; that it was an ex parte investigation; that appellant was not given any opportunity to contradict or rebut the inaccurate, untrue, and prejudicial statements; that they prejudiced the court against appellant; and that in such manner he was denied due process. Rule of Criminal Procedure 32(c) (1), 18 U.S.C., provides that the probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court directs otherwise; and Rule 32(c) (2) provides in presently pertinent part that the presentence investigation shall contain such information concerning the circumstances affecting the behavior of the defendant as may be helpful in imposing sentence. The presentence investigation was made and the report submitted pursuant to the rule. And the action of the court in taking into consideration and giving ap-

propriate weight to the information obtained in that manner in determining the kind and extent of punishment to be imposed upon appellant within the limits fixed by law, without affording appellant an opportunity to contradict or rebut statements contained in the report, did not violate due process. Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337.

Other contentions advanced are without substance and do not merit discussion.

The order denying the motion under section 2255 is affirmed.