Irene Smith **CLIETT**, Appellant,

v.

Mamie S. **HAMMONDS** et al., Appellees.

No. 18389.

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1961.

Rehearing Denied Feb. 8, 1961.

Sam R. Fisher, Raymond M. Hill, Houston, Tex., for appellant.

W. H. Betts, Hempstead, Tex., George L. McGhee, Houston, Tex., for appellees.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from an order dismissing appellant's motion for relief from judgment, filed under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S. C.A. The judgment sought to be vacated was affirmed by this Court in 1939, Cliett v. Scott, 5 Cir., 1939, 102 F.2d 725. The motion proceeded upon the theory that the judgment and this Court's affirmance were induced by deceit and fraud in misleading both the district court and this Court to hold that a partnership had been found to exist between appellant and George Scott, father of appellees, when that fact had not actually been found by the district court originally upon the trial on the merits. We disagree. After a full trial and hearing the testimony of more than forty witnesses, the district court had distinctly found a partnership to exist between appellant and Scott. We quote a portion of the findings of fact of the district court:

"* * * I find, ·however, that no funds, money or property which either Scott and Defendant had (if they had any), at or prior to the time they moved on the 50 acres, went into or was used to purchase the land involved in this suit, and

472

that up to 1926, neither of them had accumulated any other money or property.

"6:—'(a) In 1926, Scott and Defendant *in effect formed a partnership* to, and together did, build a store house on the 50 acres of land, and together, and as partners, ran and operated a store thereon, until Scott's death in 1933. They bought and sold many kinds of goods, wares and merchandise to the farmers and others of the community, and bought and sold country produce, poultry, eggs, cotton, hides, vegetables, etc. The *partnership* owned the store building and fixtures, the stock of goods, certain trucks, automobiles, etc.

" '(b) The *partnership* funds were kept on deposit in the Guaranty Bond State Bank at Waller, Texas, in the name of Scott, but subject to the check of both Scott and Defendant, and both Scott and Defendant, from time to time, drew checks thereon.

" '(c) The interest of each (Scott and Defendant) in the *partnership* business and assets is not clearly shown by the evidence. Considering the unusual activities of Defendant from 1928 to 1933 (about which most witnesses agree), and the inactivity of Scott (due to his age and bad health) during such period, I find that Defendant's interest was at least 50%, and probably much greater.

" '(d) The *partnership* agreement and activities did not extend beyond such operation of the store, but Scott and Defendant were each individually, and each for themselves, buying, raising and selling cattle. The evidence does not enable me to find what particular cattle, and how many, each owned. The cattle bought by cash were paid for out of funds withdrawn from the partnership, being the funds which they were each, from time to time, entitled to draw and receive out of and from the partnership. For convenience, they are called Dividends. In other words, each invested their Dividends from the partnership from time to time in cattle. Each, however, deposited in the partnership account in the Bank funds earned and realized from such trafficking in cattle.

" '(e) Scott individually seems to have had some financial activities other than cattle. These were on his own account, and not on *partnership* account. Defendant likewise had individually, and on her own account, other financial activities, the chief one being the purchase and acquisitions by her, from time to time, during the years 1927, 1928, 1929, 1930, 1931, and 1932, of the lands involved in this suit.

" '(f) The lands involved in this suit were not purchased with funds or monies belonging in any manner to Scott, nor with funds or monies belonging to Scott's wife, one of the Plaintiff's herein, nor with funds or monies belonging to the *partnership*. They were purchased entirely with funds and monies belonging exclusively to Defendant, to which she was entitled, and which she received (with Scott's full knowledge and approval) as Dividends owing and due her and coming to her from the partnership and her earnings in her activities in cattle. Such lands were not purchased in trust for Scott, nor was he in any manner whatever interested, nor did he have or claim to have any interest, therein.' " (Emphasis supplied.)

The district court's judgment [1] in favor of appellant was reversed by this Court in 1936. Scott v. Smith, 84 F.2d

[1]. Appellant has been successful in the Texas state courts in impressing a trust upon another 50 acres of land, which had been conveyed to Scott. Scott v. Cliett, Civ.App.Tex., 1948, 213 S.W.2d 562.

489. This Court's opinion concluded as follows:

"The decree rendered in favor of Irene Smith cannot stand, nor on the present record should there be one for the plaintiffs. The lands are partnership assets, and the court ought first to ascertain and settle the affairs of the partnership. To this end the personal representative of George Scott should be made a party. The case should be reopened for further evidence as to the withdrawals of the partners, the debts, and the assets of the partnership besides the lands here in controversy. The proper disposition of the lands may thereby become more evident.

"Accordingly, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion." 84 F.2d at page 490.

Upon remand, Judge Kennerly overruled a motion to strike an affirmative defense, as follows:

"* * * that if the business relationship between her and George Scott constituted a partnership, which is not admitted but denied, then she alleges that it was agreed and understood between George Scott and respondent before said business dealings were commenced and throughout the continuance thereof that George Scott should have an interest therein to the extent only of a living out of such business as long as he lived."

Nevertheless, the case was again submitted to the district court with no evidence to support that affirmative defense, and, indeed, upon the same evidence that was introduced upon the first trial. The judgment complained of was then rendered, and properly so.

■ Subsequently, the district court found against the appellant on her claim of ten years adverse possession after the date of judgment. Cliett v. Scott, D.C. S.D.Tex.1952, 103 F.Supp. 440. That judgment was affirmed by this Court.

Cliett v. Scott, 1956, 233 F.2d 269, certiorari denied 352 U.S. 917, 77 S.Ct. 215, 1 L.Ed.2d 123. That judgment is also attacked for fraud and mistake. Within the ten-year period the appellant had sued the Scott heirs in the Texas state courts seeking reimbursement for one-half of the cost of repairs and improvements and taxes paid upon the lands, alleging, however, that she did not "affirm or deny" the validity of the aforesaid judgment vesting in the Scott heirs an undivided interest in said lands. Also within the ten-year period the Scott heirs had answered, claiming to be the "owners of an undivided one-half interest in and to the lands etc." Conclusively this tolled the ten-year limitation period. Beaumont Irrigating Co. v. Delaune, 1915, 107 Tex. 381, 180 S.W. 98, 99; Davis v. Morley, Tex.Civ.App.1943, 169 S.W.2d 561, 567.

Finally, in 1958, the district court permanently enjoined the appellant from:

"(c) filing or instituting or from causing to be filed or instituted any suit or judicial action against the Petitioners Mamie S. Hammonds, Reed Scott, Bertha Scott and Essie F. Scott individually and as Independent Executrix of the Will and Estate of Jeff Scott deceased, their tenants, heirs or assigns respecting or relating to said Petitioners, their heirs or assigns, title to or right of possession of said 349.755 acres of land hereinbefore particularly described."

That judgment was affirmed in a brief per curiam opinion by this Court. Cliett v. Hammonds, 1959, 265 F.2d 933.

■ We pretermit the question of whether this motion was precluded by that injunction, and the further question of whether this motion was barred because it was not made until more than one year after the judgment as required for reasons (1), (2) and (3) under Rule 60(b). Instead, out of an abundance of caution, we have examined the motion on its merits and find that it was properly dismissed.

Affirmed.