**David SMITH, Petitioner,**

v.

**Harry C. TINSLEY, Warden, Colorado State Penitentiary, Respondent.**

**Civ. A. No. 8201.**

United States District Court
D. Colorado.

April 10, 1964.

See also D.C., 223 F.Supp. 68.

Malcolm E. MacDougall, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen., John E. Bush, Asst. Atty. Gen., Denver, Colo., for respondent.

DOYLE, District Judge.

An order denying petitioner's petition for a writ of habeas corpus was entered, after evidentiary hearings were held, on February 3, 1964. Rule 73(a), Federal Rules of Civil Procedure, and Title 28

U.S.C. § 2107 require that a "Notice of Appeal" be filed in the District Court within thirty days if petitioner's right to appeal is to be preserved.

According to 28 U.S.C. § 1917, however, payment of a $5.00 filing fee is a condition precedent to filing of a "Notice of Appeal." In this case, where petitioner was allowed to petition for a writ of habeas corpus in this Court *in forma pauperis,* petitioner's court-appointed counsel failed to file with this Court a document denominated "Notice of Appeal", accompanied by the $5.00 fee, within thirty days following February 3, 1964, believing that the alternative step he took was adequate in a case where the appeal would have to be prosecuted *in forma pauperis* if it were to be prosecuted at all.

■ Within the thirty-day period following entry of the order of February 3, 1964, petitioner's counsel did file with this Court a motion for leave to appeal *in forma pauperis.* In our view the motion for leave to appeal *in forma pauperis,* when filed within thirty days from the entry of judgment, serves the same jurisdictional function in a case in which the appeal must be prosecuted *in forma pauperis* as does the timely-filed "Notice of Appeal" in a case where the appellant is in a position to pay the $5.00 filing fee. Cases in other circuits have so held. In Des Isles v. Evans, 225 F.2d 235, 236 (5th Cir. 1955), the plaintiff-appellant in a negligence action tried in the United States District Court for the Southern District of Florida, effected a timely filing of a petition for authorization for leave to appeal *in forma pauperis,* but apparently failed to file a "Notice of Appeal" as Rule 73(a) and 28 U.S.C. § 2107 might arguably require. The defendant-appellee did so argue, claiming that the Court of Appeals was without jurisdiction to hear the appeal for failure of appellant to file a "Notice of Appeal" within thirty days from the entry of final judgment.

In disposing of this contention the Court said:

"Within the thirty days provided by Rule 73(a), * * * appellant filed a petition for authorization for leave to appeal in *forma pauperis.* Appellant claims that this petition constituted a sufficient compliance with the requirements of that rule. Under authority of Fishbaugh v. Armour & Co., 4 Cir., 1950, 185 F. 2d 541; Shannon v. United States, 1953, 93 U.S.App.D.C. 4, 206 F.2d 479; Tesciona v. United States, 9 Cir., 1944, 141 F.2d 811, we hold that this petition was a substantial compliance with the rule.

"The rules have for their primary purpose the securing of speedy and inexpensive justice in a uniform and well ordered manner; they were not adopted to set traps and pitfalls by way of technicalities for unwary litigants, Alabama Great Southern Railroad Co. v. Johnson, 5 Cir., 1944, 140 F.2d 968. Therefore, substantial compliance with the rules is sufficient, and appellant's petition for leave to appeal in *forma pauperis* adequately met the requirements of Rule 73(a)." 225 F.2d at 236.

In Shannon v. United States, 93 U.S. App.D.C. 4, 206 F.2d 479 (1953), the Court plainly equated an indigent's petition for leave to appeal *in forma pauperis* with the "Notice of Appeal" required by Rule 73(a). There the Court said:

"Appellant's motion in the District Court for leave to appeal in forma pauperis adequately served as a notice of appeal. Since Rule 73(a) makes clear that only the notice is jurisdictional and that 'further steps' in perfecting an appeal are not, the matter must be disposed of as we 'deem appropriate.'" 206 F. 2d at 481–482.

■ It remains true, of course, that a petitioner who seeks appellate review

of an order of a District Court denying a petition for a writ of habeas corpus must obtain a certificate of probable cause either from the judge who rendered the order or a circuit justice or judge, Title 28 U.S.C. § 2253. The presence of such a certificate is also a "jurisdictional prerequisite" to action by the Court of Appeals. Ramsey v. Hand, 309 F.2d 947 (10th Cir. 1962).

█ The requirement that a certificate of probable cause be obtained deals with the action which must ultimately be taken in order that the Court of Appeals may properly consider the matter, but 28 U.S.C. § 2253 specifies no time limit within which a certificate of probable cause must be obtained. The jurisdictional requirement imposed by Rule 73(a) and 28 U.S.C. § 2107 has another function however. The requirement that some adequate notice of appellant's intention to appeal be given to the District Court within thirty days serves the function of informing the District Court that proceedings in the matter at hand will continue. We are persuaded that this function is fully served, in the case of an appeal sought to be prosecuted by an indigent, when—as he must because he lacks funds—he petitions the District Court for permission to appeal *in forma pauperis*.

Where the indigent appellant is able to pay the $5.00 filing fee—as is contemplated, without exception, by 28 U.S. C. § 1917—his cash on the counter would apprise the Court of the fact that an appeal is contemplated. Obviously, the District Court is just as adequately apprised of an indigent's forthcoming appeal when the Court is called on to grant leave to appeal *in forma pauperis*.

The only fair alternative to our decision to recognize that an indigent's motion for leave to appeal *in forma pauperis* serves, for jurisdictional purposes, as the equivalent of a "Notice of Appeal" filed by a normal litigant is to require that the Clerk accept a "Notice of Appeal" tendered by an indigent without requiring the $5.00 fee. At least in this case it appears from the record before us that petitioner's counsel could not have expected that a tendered "Notice of Appeal" would have been filed if the $5.00 fee did not accompany it. An affidavit of G. Walter Bowman, Clerk of the United States District Court for the District of Colorado, certifies that he would not have filed a tendered "Notice of Appeal" unless it were accompanied by the $5.00 fee or the Court's permission to appeal *in forma pauperis*. The fact that petitioner's indigent status was evidenced by the fact that leave had been granted to petition for a writ of habeas corpus *in forma pauperis* would not have sufficed to allow filing of a "Notice of Appeal" without prepayment of the $5.00 fee.

We hesitate to adopt the alternative of requiring, as prerequisites to appeal, that, within a mere thirty days following entry of an order denying a petition for habeas corpus, an indigent petitioner who is incarcerated all the while, and who has already been granted leave to petition for a writ of habeas corpus *in forma pauperis*:

1. File an entirely separate application for permission to appeal *in forma pauperis*;

2. Obtain a ruling on that petition;

3. File a "Notice of Appeal" accompanied by the Court's certificate that leave to appeal *in forma pauperis* has been granted;

and in addition—as he must, practically, if permission to appeal *in forma pauperis* is to be granted—that he:

4. Concurrently petition the District Court for a certificate of probable cause; and

5. Obtain a ruling on that petition.

Consistent with the tenor of the decisions in the cases of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1963); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d

899 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963), we believe that justice can best be done in this case by treating petitioner's timely motion for leave to appeal *in forma pauperis* as satisfying the requirement of Rule 73(a) and 28 U.S.C. § 2107. To do otherwise would be to compromise any meaningful implementation of an indigent's right to appeal, which is to be maintained on a par with the possibilities for relief available to the normal litigant who is able to pay filing fees in advance. We believe that the language used by Mr. Justice Black in his opinion in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955), is indicative of the spirit which should mould our decision here:

> " * * * In criminal trials a State can no more discriminate on account of poverty than on account of religion, race, or color. Plainly the ability to pay costs in advance bears no rational relationship to a defendant's guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial. * * *

> "There is no meaningful distinction between a rule which would deny the poor the right to defend themselves in a trial court and one which effectively denies the poor an adequate appellate review accorded to all who have money enough to pay the costs in advance. * * *"

351 U.S. at 17–18, 76 S.Ct. at 590, 100 L.Ed. 891.

This Court has carefully examined the petitioner's prayer for a writ of habeas corpus; has conducted evidentiary hearings; and after deliberation has concluded that petitioner is not entitled to be discharged from custody. We believe, nonetheless, that he is entitled to have that determination reviewed. For that reason the petitioner's motion for a certificate of probable cause will be granted,

and permission to appeal *in forma pauperis* will similarly be granted.

It is, therefore,

ORDERED that:

1) Petitioner's motion for a certificate of probable cause be granted; and

2) Petitioner be allowed to appeal *in forma pauperis*.