843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley Bernard PETERSON, Defendant-Appellant.
 No. 87-7656.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 18, 1988.
Decided: April 7, 1988.
 
 Stanley Bernard Peterson, appellant pro se.
 Justin W. Williams, Assistant U.S. Attorney, for appellee.
 Before WIDENER and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Stanley Peterson moved to vacate his sentence under 28 U.S.C. Sec. 2255 and the district court denied the motion. Within ten days Peterson filed a motion for reconsideration alleging that the judge had relied on incorrect information about his prior record when he sentenced Peterson. In the same motion, Peterson asked, alternatively, for leave to appeal in forma pauperis. The district court treated this request as a notice of appeal and granted leave to appeal in forma pauperis without ruling on the motion to reconsider.
 
 
 2
 Regardless of how it is styled, if a post-judgment motion is served within ten days of entry of judgment and calls into question the correctness of that judgment, it should be treated as a Rule 59 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978); see also Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.) (per curiam), cert. denied, 457 U.S. 1109 (1982). As Peterson's motion was served within ten days of entry of judgment and called into question the correctness of that judgment, it is correctly construed as a Rule 59 motion. Id.
 
 
 3
 The motion for leave to appeal in forma pauperis was properly treated as a notice of appeal. Smith v. Tinsley, 35 F.R.D. 1 (D.Colo.1964). However, the simultaneous filing of a notice of appeal would have no effect. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (a Rule 59 motion not only tolls the time for bringing an appeal but also nullifies any notice of appeal filed prior to the disposition of the motion); Fed.R.App.P. 4(a)(4). Therefore, this Court is without jurisdiction to consider the merits of Peterson's appeal until the district court rules on the motion and thereafter Peterson files a timely notice of appeal.
 
 
 4
 As the dispositive issues have recently been decided authoritatively, we dispense with oral argument, dismiss the appeal as premature, and remand the case to the district court for a ruling on the Rule 59 motion.
 
 
 5
 REMANDED.