45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Steven GUADALUPE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6249.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Thomas Steven Guadalupe appeals the district court's dismissal of his petition brought pursuant to 28 U.S.C. 2255. Petitioner's notice of appeal was filed after the magistrate judge entered his findings and recommendation but before the district court adopted that recommendation and entered its order. Petitioner, therefore, was technically attempting to appeal a nonfinal order. See Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989). However, because petitioner also timely filed a petition to proceed on appeal in forma pauperis in the district court, we will construe that petition as a timely-filed notice of appeal. See Hoover v. United States, 268 F.2d 787, 789 (10th Cir.1959).
 
 
 4
 Petitioner did not object to the findings and report of the magistrate judge. Ordinarily, this failure would waive his right to appeal. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991). However, because the findings and recommendation of the magistrate judge did not explicitly warn this pro se petitioner that he would lose his right to appeal if he failed to object to the magistrate judge's conclusions, we make an exception for his procedural failure and exercise our jurisdiction over this appeal. See id.
 
 
 5
 On appeal, petitioner alleges the following grounds for relief under 2255: ineffective assistance of counsel; unlawful search and seizure; denial of his right to a fair trial and to confrontation because of the district court's refusal to allow him to inspect the government's recording devices; and denial of due process and the right to confrontation because of the prosecutor's failure to disclose the past criminal record of one of the juvenile witnesses.[2]
 
 
 6
 We have reviewed the findings and recommendation of the magistrate judge, the order of the district court, the briefs of the parties, the record, and the applicable law and find no error in the conclusion of the district court.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In his complaint, petitioner also argued that the trial court erred in enhancing his sentence, that his conviction was obtained by the use of perjured testimony, and that improper hearsay testimony was admitted at trial. As part of his ineffective assistance of counsel argument in the district court, petitioner contended that his attorney failed to argue for a proper conspiracy instruction, "hurried" the defense, inadequately argued a motion for acquittal, failed to inform petitioner of a possible plea agreement, and was generally involved in a conflict of interest. Petitioner makes none of these arguments on appeal