**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK LYNN McINTOSH,

    Plaintiff-Appellant,

v.

JAMES GREEN and KENNETH
PALMER, Oklahoma Police Department
Officers,

    Defendants-Appellees.

No. 03-6038

(D.C. No. 99-CV-1692-HE)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Patrick McIntosh, appearing pro se, appeals the judgment entered in favor of defendants on his excessive force claims under 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

McIntosh filed this action pursuant to § 1983 alleging that defendants violated his constitutional rights during a traffic stop and ensuing search and arrest. The district court granted summary judgment in favor of defendants with respect to all of the claims asserted in McIntosh's complaint except his excessive force and property damage claims. With respect to those claims, the district court appointed counsel and set the matter for trial. At trial, the jury found in favor of defendants and against McIntosh on those claims.

Following entry of judgment, the district court allowed McIntosh's appointed counsel to withdraw. McIntosh filed a pro se motion asserting his intent to appeal, asking for a copy of the trial transcript at public expense, and requesting appointment of counsel to perfect his appeal. The district court authorized McIntosh to appeal without prepayment of the appellate filing fee, denied his requests for appointment of counsel and for a copy of the trial transcript at government expense, and directed him to file a notice of appeal that complied with Federal Rule of Appellate Procedure 3. McIntosh attempted to comply with the district court's directive by filing a pro se supplement to his original motion for appeal.

II.

Defendants assert that McIntosh never filed a timely notice of appeal as required by Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure to invoke appellate jurisdiction. While appellees are correct that a timely notice of appeal is mandatory and jurisdictional, the technical requirements of the notice itself are liberally construed to avoid injustice. See Smith v. Barry, 502 U.S. 244, 248-49 (1992). McIntosh's motion for appeal and his supplement to that motion, though far from perfect, conveyed his intent to appeal from the judgment entered on the jury's verdict and are thus sufficient for this court to exercise jurisdiction and reach the merits of his appeal. E.g., Knox v. Wyoming, 959 F.2d 866, 867-68 (10th Cir. 1992) (treating pro se application for certificate of probable cause as a misfiled notice of appeal); Hoover v. United States, 268 F.2d 787, 788-89 (10th Cir. 1959) (treating motion to proceed on appeal in forma pauperis as notice of appeal).

We turn to the merits of the appeal. Although it is apparent from McIntosh's appellate pleadings that he disagrees with the jury's verdict, he fails to point to any evidentiary or other rulings by the district court that might give rise to reversible error. We therefore find no basis for reversing the judgment of the district court. Likewise, because McIntosh has failed to identify a substantial question deserving of appellate review, we find no basis for granting his request for a trial transcript at government expense. See 28 U.S.C. § 753(f) (outlining standards for provision of trial transcript at

3

government expense).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge